# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## Nunnally v. Stokes and Others

### June 11, 1914.

1. Contracts—*Fraud—Unequal Mental Capacity—Undue Influence.*—While a conveyance to defraud creditors is void as to them, it is valid as between the parties thereto, and where both parties are legally capable of making contracts, a conveyance from one to the other will not be set aside, although one may be much superior in mental capacity to the other, unless it appears that some advantage was taken or undue influence exerted to obtain the conveyance.

2. Fraud—*Contract to Defraud Another—Rescission.*—A party, whether plaintiff or defendant, cannot make his own fraudulent conduct a ground of action or defense, and though a person be of weak mind, yet if he is competent to contract his conveyances, induced by false representations by the grantee of liability to a third person, when none exists, made for the purpose of avoiding such supposed liability, will not be set aside.

Appeal from a decree of the Circuit Court of Lunenburg county. Decree for the defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Buford, Lewis & Peterson* and *Henry E. Lee,* for the appellant.

*Geo. E. Allen,* for the appellees.

Buchanan, J., delivered the opinion of the court.

The object of this suit, which was brought by the appellant, was to have declared null and void a deed ex-

ecuted by her conveying to the appellee, Stokes, her life estate in a tract of land which had been assigned her as dower in her late husband's estate.

A demurrer to the bill was sustained and a decree entered dismissing the bill. From that decree this appeal was granted.

One of the grounds of demurrer assigned was, that the bill showed that the deed sought to be declared null and void was executed for the purpose of avoiding the payment of a debt which the appellant thought was a valid claim against her.

It is not controverted by her counsel that while creditors may set aside a conveyance made to avoid the payment of debts due them, the general rule is that such a conveyance is valid between the parties. The grounds upon which the appellant seeks to escape that rule of law are, that when she made the conveyance she was not indebted to any one, and that the debt which the conveyance was made to avoid the payment of was a debt due from her husband's estate and not from her; that she was an ignorant woman, a widow living at the home of the appellee, Stokes, who was her brother-in-law; that he and appellee, Arvin, who afterwards became interested in the land, falsely and fraudulently represented to her that the said debt was her debt, and that the only way for her to prevent her interest in said land from being sold for its payment was to convey it to Stokes for a nominal consideration, none of which was paid or to be paid, and that he would afterwards reconvey the same to her; that she was ignorant and inferior in mental capacity to her said brother-in-law; that his purpose in falsely representing that the debt in question was her debt, when he knew it was a debt due from her husband's estate, and in advising and persuading her to make the conveyance was to defraud her of her interest in the land

conveyed; and that she never of her own free will undertook to avoid the payment of any debt or to perpetrate a fraud upon any one.

While the bill charges that the appellant was mentally inferior to her grantee, Stokes, it is not alleged, nor is it pretended, that she did not have sufficient capacity to make a valid contract. It is well settled that where both parties are legally capable of making contracts, although one may be much superior in mental capacity to the other, that circumstance does not take the case out of the general rule unless it appears that some advantage was taken or undue influence exerted to obtain the conveyance. *Smith* v. *Elliott*, 2 Pat. & H. 307.

There can be no question from the facts averred in the bill that the appellant was legally competent to make the conveyance, and that she made it with a fraudulent intent.

The other grounds relied on to take the case out of the general rule were carefully considered in *Harris* v. *Harris*, 23 Gratt. (64 Va.) 737. In that case the fraudulent transaction was between father and son, and the father strongly advised the son to enter into the contract. In this case the grantor was the sister-in-law of the grantee, who advised and persuaded her to make the conveyance. In neither case did the liability in fact exist, to defeat the collection of which the fraudulent transaction was entered into. In *Harris* v. *Harris*, the decisions of this court, including *Austin's Admx.* v. *Winston's Ex'or*. 1 Hen. & Munf. (11 Va.) 33, 3 Am. Dec. 538, so much relied on by the appellant's counsel, were cited and commented on, and the conclusion reached that the facts averred in the plea in that case did not take it out of the general rule, that a party, whether plaintiff or defendant, cannot make his own fraudulent conduct a ground of defense or recovery.

There are decisions in other jurisdictions which hold that where a person of weak mind, though competent to contract, is induced by false representations of liability when none exists, he is entitled to relief although he · made the conveyance for the purpose of avoiding such supposed liability. *Prewett* v. *Cookwood,* 30 Miss. 369; *Beale* v. *Hall,* 22 Ga. 431. See Bump on Fraudulent Conveyances, 452, and cases cited. *Benton* v. *Beers,* 78 Conn. 414, 62 Atl. 619, 3 Am. & Eng. Ann. Cases, 941, and cases cited in note. But these decisions seem to be against the weight of authority—certainly contrary to the principles announced in our decisions. See 1 Minor on Real Prop., sec. 1170, and cases cited in note. The grounds upon which these decisions are based are so fully stated in our cases that it is needless to repeat them.

It is sufficient to say, as was said by Judge Allen in *Owen* v. *Sharp,* 12 Leigh (39 Va.) 427, that with every disposition to deprive the fraudulent grantee of the fruits of his iniquity as charged in the bill, "it seems to me the repeated decisions of this court, the principles which regulate the courts of equity and considerations of public policy preclude us from giving relief in this case."

The decree complained of must, therefore, be affirmed.

*Affirmed.*