# Richmond

## E. L. Wilburn v. Terrell Wheeler, et al.

April 13, 1942.

Record No. 2517.

Present, All the Justices.

The opinion states the case.

*W. C. Dillow* and *W. B. Snidow,* for the plaintiff in error.

*James L. Warren,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

E. L. Wilburn and C. M. Wilburn, his wife, by deed dated June 26, 1924, conveyed two tracts of land lying in Giles county, estimated to contain 75 acres, to their daughter, Ethel Wheeler, and her husband, Terrell Wheeler. After the death of C. M. Wilburn and the refusal of the grantees named to reconvey the property to E. L. Wilburn, he instituted this suit, alleging that the grantees held the land in trust for him, and that they had broken their promise to reconvey it to him.

The chancellor denied his prayer and dismissed the bill. From that decree complainant obtained this appeal.

Wilburn testified that while the consideration stated in the deed was $2,500, cash in hand paid, there was no actual consideration passing from the grantees to the grantor. He had caused the deed to be recorded but had never surrendered possession and control of the property. On cross-examination, he frankly admitted that he had conveyed the property to his daughter and his son-in-law to prevent a creditor, who at the time had instituted a suit against him, from obtaining a lien against, or selling the property to discharge the debt. A judgment for one-third the amount of the debt was obtained and was promptly paid.

It is apparent from this admission that the transaction was conceived in fraud. A deed, though void as to creditors, is good between the parties. Equity will not relieve a fraudulent grantor from the consequences of his own fraudulent act, nor aid him in an effort to profit by it. The fact that the complainant subsequently paid the obligation does not relieve the conveyance of its fraudulent character.

Complainant contends that he is entitled to a one-half interest in the land because Terrell Wheeler conveyed him his interest in the property.

It appears from the record that sometime in 1935 complainant caused a joint conveyance to be prepared for execution by Ethel and Terrell Wheeler. Terrell Wheeler, without consulting his wife, signed the conveyance, but when it was presented to Ethel Wheeler she refused to sign it. This conveyance, acknowledged by Terrell Wheeler, was kept by complainant in his home and was destroyed when the home burned.

The degree of proof necessary to establish a lost deed and its contents is succinctly stated in *Thomas* v. *Ribble*, 2 Va. Dec. 321, 325, 24 S. E. 241, as follows: "Where the instrument rises to the dignity and importance of a muniment of title, every principle of public policy demands that the proof of its former existence, its loss, and its contents, should be strong and conclusive, before the courts will establish a

title by parol testimony to property which the law requires shall pass only by deed or will. That courts of equity have the jurisdiction to set up lost deeds and wills, and establish titles under them, can certainly not be denied; but it is a dangerous jurisdiction, and so pregnant with opportunities of fraud and injustice that it will not be lightly exercised, nor except upon the clearest and most stringent proof." See *Dunnavant* v. *Dunnavant*, 120 Va. 301, 91 S. E. 138.

■ The evidence offered to establish the lost deed and its contents does not fulfil the degree of proof required. Wilburn stated that the lost deed conveyed the property to him in fee. This statement is supported by the testimony of the officer who took the acknowledgment, although his recollection is not very clear. Later, Wilburn caused another deed to be prepared in which Terrell Wheeler was named as the sole grantor, but he refused to sign it, stating that he never intended to convey his undivided interest in the property unless his wife joined in the conveyance. These facts tend to show that there was no mutual assent of the parties to the making of a contract. Other evidence tends to show that the alleged lost deed named both E. L. and C. M. Wilburn as grantees, and that, at that time, C. M. Wilburn was dead.

We agree with the decision reached by the trial court, to the effect that this rather confusing and conflicting evidence is insufficient to establish the contents of an alleged lost deed.

The judgment of the trial court is

*Affirmed.*