## CIRCUIT COURT OF HENRICO COUNTY

Frances Chapman

v.

Leo Loflin

June 17, 1977

Case No. 76C865

By JUDGE E. BALLARD BAKER

Frances Chapman seeks to set aside a deed of June 13, 1974, to Leo Loflin for lack of delivery and lack of consideration.

Upon consideration of the evidence, and review of those portions of the transcript relating to the execution and delivery of the deed, I find the following facts:

1. Frances Chapman did execute the deed and deliver it to Olen Culler for recordation without condition.

2. The reason for the execution of the deed was to transfer the property to Loflin to avoid a judgment which had been obtained against Chapman. Chapman and Loflin were equally aware of this.

3. The deed was not recorded by Culler in June, 1974, because he found that the judgment against Chapman had already been recorded. As this was the particular judgment the parties desired to avoid, he did not record but sought further instructions.

4. Despite two letters to Loflin in 1974 advising of the situation and seeking advice, culler had no word from Loflin with respect to the deed until August, 1976. At that time, Loflin told him to record the deed, which he did. Loflin's request to Culler followed information

received by Loflin that Chapman planned to sell the property.

5. Culler did not advise Chapman of 3 and 4 above, though she did know that this deed was not recorded in 1974.

As between Chapman and Loflin, whether the deed was recorded is immaterial. If there was a delivery, as I find there was, the deed is effective between them absent other reasons.

In *Wilburn v. Wheeler*, 179 Va. 604 (1942), E. L. Wilburn and C. M. Wilburn conveyed land to their daughter, Ethel Wheeler and her husband, Terrell Wheeler. The deed was recorded. After the death of C. M. Wilburn, E. L. Wilburn demanded return of the property. The Wheelers refused. At trial, E. L. Wilburn testified that the conveyance was without consideration and was "to prevent a creditor, who at the time had instituted a suit against him, from obtaining a lien against, or selling the property to discharge the debt." Said the Court:

> It is apparent from this admission that the transaction was conceived in fraud. A deed, though void as to creditors, is good between the parties. Equity will not relieve a fraudulent grantor from the consequences of his own fraudulent act, nor aid him in an effort to profit by it . . ." (179 Va. at 606).

Whether the Wheelers agreed with the testimony of Wilburn does not appear.

*Lambert v. B. F. Corporation*, 182 Va. 477 (1944), is in accord under more involved facts. In that case, Mrs. Grace Lambert was the grantee in a deed of trust from W. G. Lambert--which Lambert admitted was fraudulent. W. G. Lambert was not allowed to set aside the deed. As to Grace Lambert, the Court said there was no clear proof she was guilty of any fraud, but:

> However, whether or not Mrs. Lambert participated in W. G. Lambert's fraud, the effect is the same so far as he is concerned. Equity will leave him where he placed himself. (182 Va. at 489).

It is worth noting that the trial court had found that Grace Lambert was a party to the fraud, but refused to allow W. G. Lambert to recover because of his own fraudulent conduct. (182 Va. at 486). Grace Lambert contended she was a pre-existing creditor, ignorant of any fraud, but as noted above, the Court would have denied relief to W. G. Lambert whether Grace was involved in fraud or not.

*Harrell v. Allen*, 183 Va. 722 (1945), again on more involved facts, is in accord with the rule in *Wilburn* and *Lambert*. *Harrell* does point out that the "clean hands" doctrine is not to be applied where it is inequitable or where the result is contrary to public policy. *Waller v. Eanes*, 156 Va. 389 (1931), is cited as a case where the doctrine was not applied.

Without going into it here, the facts in *Waller v. Eanes* are far different from the present, and the court found that public policy would be supported by allowing relief to the grantor in that case. The Court compares that factual situation to the case of *Nunnally v. Stokes*, 116 Va. 472 (1914).

In *Nunnally*, a widow sought to set aside a conveyance of her life estate in a tract of land. She alleged that Stokes, her brother-in-law, fraudulently represented to her that a debt due on her husband's estate was her debt, and that the only way for Nunnally to prevent her interest in the land from being sold was to convey it to Stokes for a nominal consideration, none of which was to be paid. Nunnally alleged Stokes promised to reconvey the property to her. A demurrer to the bill was sustained, and the Supreme Court affirmed. The opinion held that these allegations did not take the case out of the general rule that a conveyance, though to avoid the payment of debts, is valid between the parties. (116 Va. at 473-474), nor out of the general rule:

> that a party, whether plaintiff or defendant, cannot make his own fraudulent conduct a ground of defense or recovery. (116 Va. at 474).

Under these several cases, it seems clear that Frances Chapman is not able to prevail.