## LEROY COONS *vs.* JOHN LEMIEU, *et al.*

Submitted on briefs May 28, 1894.   Affirmed July 5, 1894.

No. 8636.

**Error will not be presumed.**

An application of the rule that, on appeal to this court, error in the proceedings of a trial court will not be presumed, but must be made to appear.

**Clerical errors disregarded.**

A certain discrepancy in description of real property, appearing in the findings of fact, *held* to be a clerical error simply.

**Judgment in an action to set aside a conveyance fraudulent as to creditors.**

In an action brought by a judgment creditor to annul, cancel, and set aside conveyances of real property, made with a design to defraud, the plaintiff is entitled, if successful in his action, to have the relief demanded, in so far as the fraudulent conveyances obstruct the collection of his judgment, and this is the limit of his right.   But the judgment must be read as a whole, in order to ascertain its force and effect.   *Held,* upon an examination of the judgment in question, that it merely rendered the property involved subject to a lien for the amount of the plaintiff's original judgment against the debtor.

Appeal by defendants, John Lemieu, Dosite Brouillette, and others, from a judgment of the District Court of St. Louis County, *Charles L. Lewis,* J., entered December 4, 1893, annulling certain conveyances of real estate as fraudulent as against plaintiff, Leroy Coons, a judgment creditor, and declaring his judgment a lien upon the property.

On March 23, 1891, one John Dunphy made his note for $1,100 and defendant John Lemieu indorsed it in blank and plaintiff became the owner thereof for value before maturity.   When it fell due it was protested for nonpayment and notice given the indorser. On April 28, 1893, plaintiff recovered judgment upon the note in the District Court of St. Louis County against the maker and indorser for $1,238.28.   Execution was issued thereon to the sheriff of that county and returned unsatisfied.   John Lemieu was on April 4, 1893, the owner of eight city lots and thirty acres of land in West Duluth subject to sale on execution.   On that day he and wife

conveyed this property to his relatives who gave notes therefor secured by mortgages thereon to his wife and she assigned the notes and mortgages to defendants, Dosite Brouillette and Angelo Brouillette who were also relatives of the judgment debtor or his wife. This action was commenced June 21, 1893, to set aside these deeds, mortgages and assignments charging that they were each and all made and taken with intent to hinder, delay and defraud John Lemieu's creditors and particularly the plaintiff. There were inaccurate descriptions of the property in the complaint. It was alleged to be in *Duluth* instead of *West Duluth*. Defendants answered and the issues were tried and on October 19, 1893, the court made findings that the conveyances, mortgages and assignments were all made and taken with intent to hinder, delay and defraud the plaintiff and ordered judgment that they be cancelled and that plaintiff's judgment is a lien thereon. Judgment was so entered. No case or bill of exceptions was made. Defendants appeal from this judgment.

*A. N. McGindley,* for appellants.

One of the points on which defendants rely on this appeal is the Stewart's Addition errors. The complaint alleges that John Lemieu was the owner of lots in Stewart's Addition to Duluth and that he and his wife sold lots in Stewart's Addition to Duluth with a design and purpose to defraud his creditors. John Lemieu in his separate answer admits that he did own the lots in Stewart's Addition to Duluth and thereafter sold the same to defendant, Joseph Pauze. Joseph Pauze in his separate answer admits that he purchased these lots in Stewart's Addition to Duluth. The court below finds that John Lemieu was on April 4, 1893. the owner of the lots in Stewart's Addition to *West* Duluth, and sold the lots with a design and purpose to defraud creditors, and that the deed purporting to convey to Joseph Pauze lots in Stewart's Addition to *West* Duluth should be cancelled, annulled and set aside. In brief, the pleadings put in issue lots in Stewart's Addition to Duluth; the judgment subjects to the lien of plaintiff's judgment lots in *West* Duluth.

Again, the complaint alleges that John Lemieu was the owner of lots thirteen (13) and fourteen (14) in block *sixteen* (16), Stewart's

Addition to Duluth. The trial court finds as a fact that John Lemieu was the owner in fee simple of lots thirteen (13) and fourteen (14), block *eighteen* (18), Stewart's Addition to *West* Duluth.

Can a judgment affect property in *West* Duluth if the pleadings put in issue property in Duluth? Can a judgment affect property in block *eighteen* (18) of a plat if the pleadings put in issue property in block *sixteen* (16) of the same plat? *Throckmorton* v. *Davenport,* 55 Tex. 236; *Lazarus* v. *Barrett,* 5 Tex. Civ. App. 5; *Tribble* v. *Davis,* 3 J. J. Marsh. 633; *Burnett* v. *Harrington,* 58 Tex. 359; *Morrison* v. *Hart,* 2 Bibb, 4; *Jackson* v. *Cutright,* 5 Munf. 308.

The evidence from which these findings were made is not before the court, but we are justified in presuming that the evidence was in accordance with the pleading and that no facts were proved which were not justified by the issues. *Sumner* v. *Sawtelle,* 8 Minn. 308; *Silvey* v. *Neary,* 59 Cal. 97; *Shoemaker* v. *St. Louis & S. F. Ry. Co.,* 30 Kans. 359; *Harrison* v. *Nixon,* 9 Pet. 483; *Livingston* v. *Ives,* 35 Minn. 55; *Farnham* v. *Murch,* 36 Minn. 328; *City of Winona* v. *Minnesota Ry. Constr. Co.,* 27 Minn. 415; *Mahoney* v. *St. Paul, M. & M. Ry. Co.,* 35 Minn. 361.

These findings are inconsistent with the admissions of the pleadings. All parties admit in their pleadings that Stewart's Addition is in Duluth. Such findings as these, entirely outside the issues, constitute reversible error. *Payette* v. *Day,* 37 Minn. 366; *Woolsey* v. *Bohn,* 41 Minn. 235; *Burnett* v. *Stearns,* 33 Cal. 468.

The decree is that the several conveyances be cancelled, annulled and set aside. This is palpable error. The creditor has the right to have the conveyances cancelled, annulled and set aside in so far only as may be necessary for the satisfaction of his judgment; but that is the limit of his rights. The conveyances are good between the parties and they will be left in the situation in which they have placed themselves without aid from the courts. *Bostwick* v. *Menck,* 40 N. Y. 383.

*C. M. Simpson* and *John Jenswold, Jr.,* for respondent.

A presumption in favor of the regularity of the proceedings of the court always obtains. *Wyvell* v. *Jones,* 37 Minn. 68; *Blake* v. *Lee,* 38 Minn. 478.

Every presumption is in favor of the findings and it is for the parties alleging error to overcome this presumption by showing error. *Jones* v. *Wilder*, 28 Minn. 238; *McGeagh* v. *Nordberg*, 53 Minn. 235.

A variance between the pleadings and proof will not be considered on appeal, unless the point has first been raised in the lower court. *Washburn* v. *Winslow*, 16 Minn. 33; *Nelson* v. *Thompson*, 23 Minn. 508; *Salisbury* v. *Bartleson*, 39 Minn. 365.

The fair construction of the judgment is that the conveyances are cancelled, annulled and set aside in so far only as may be necessary for the satisfaction of plaintiff's judgment. Counsel's argument is more technical than meritorious.

COLLINS, J.   This was an action brought to set aside certain conveyances of real property, and to have surrendered and canceled certain notes and mortgages upon the same, alleged to have been made in fraud of creditors of defendant John Lemieu, in order to subject the property to the lien of plaintiff's judgment. Such of the defendants as were served with the summons answered separately, denying any fraudulent intent when procuring the conveyances mentioned in the complaint, and affirmatively alleging their good faith in the transactions. After a trial by the court, findings of fact and conclusions of law were made and filed, upon which a judgment was entered in plaintiff's favor, and from which defendants appeal. The case comes here on a bill of exceptions containing simply the pleadings, the findings of fact, conclusions of law, and judgment, as entered by the clerk.

1. Several of the assignments of error are directed to some discrepancies of description appearing between the complaint—and the answers, for that matter—and the findings. Counsel for defendants cites a number of cases in support of his contention that these differences are fatal to the judgment. But, whatever the rule may be in other jurisdictions, it has been iterated and reiterated in the opinions of this court that error in the proceedings must be made to appear; that the proceedings on a trial are presumed to have been regular. The presumption obtains that by consent the parties litigated all of the facts found by the court, whether within or in consonance with the pleadings or not. On the trial of this case the

defendants may have waived any objection to what now seems palpable,—that the property in dispute was not accurately described in the complaint,—or they may have made a formal stipulation, or admission amounting to an amendment of the pleading, to conform to what now appears to be the fact. The presumption is that they did, or the court would not have found the description of the property as stated in the findings. The defendants have made no effort on appeal to overcome the presumption, and it must prevail.

2. With the presumption just mentioned, the question next arising is whether the conclusions of law, and the judgment entered in accordance therewith, were warranted by the facts as found. That they were as to lot seventeen (17) in block eight (8) in the addition to West Duluth cannot well be questioned. Nor should there be much doubt as to the lots in block eighteen of the same addition, although a mistake of description was made in one part of the findings.

The court found as a fact that on April 4, 1893, the debtor, Lemieu, owned lots thirteen (13) and fourteen (14) in block eighteen (18) of said addition, on which was a mortgage of $250. It then found that on said day he sold lots thirteen (13) and fourteen (14) in block sixteen (16) in said addition to defendant Brouillette, subject to said mortgage of $250, with the design and purpose of defrauding his (Lemieu's) creditors. As a conclusion of law the court found that the deed of date April 4, 1893, executed by the debtor, Lemieu, and his wife, to defendant Brouillette, purporting to convey to the latter lots thirteen (13) and fourteen (14) in block eighteen (18) in said addition, should be annulled, canceled, and set aside. Judgment was so entered and rendered. The mistake consisted solely in designating block eighteen (18) as block sixteen (16), in the finding as to the fraudulent design and purpose of the deed dated April 4, 1893, and it so clearly appears that this was simply a clerical error that it should not and cannot be permitted to overturn the judgment. A mere casual examination of the findings would clearly indicate that block eighteen (18), instead of block sixteen (16), was intended.

3. It is urged that, as the court did not find upon all the material issues made by the pleadings, the judgment must be reversed. We are unable to discover a material issue that was not covered by the

findings. If any of them were not sufficiently specific, an application should have been made to the trial court to make them so. The record fails to show that this was done.

4. It is further urged that the conclusions of law and the judgment were improper, in any view of the case. It must stand admitted that the plaintiff had the right to have the conveyances canceled, annulled, and set aside, in so far as they obstructed the collection of his judgment, and that this was the limit of his right. But a judgment is to be read as a whole, in order to ascertain its force and effect; and, from an examination of the one now before us, it is palpable that it is only as to the plaintiff's money judgment against Lemieu that the conveyances are annulled, canceled, and set aside. This judgment is in terms made a specific lien upon the property, which may be sold in satisfaction of an execution; the defendants having the right of redemption, as in ordinary cases. The force and effect of it was simply to render the property subject to a lien for the amount of plaintiff's claim, which might be enforced in the usual way. In any event, if the judgment was not quite as clear and specific as it should have been, defendants' remedy was by first applying to the court below. We think other features of the case need not be mentioned particularly.

Judgment affirmed.

Buck, J., did not sit.

(Opinion published 59 N. W. 977.)

