## FOSTER BOUTON *vs.* CARRIE BEERS.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A grantee who accepts a deed containing an agreement to reconvey upon tender of a specified sum within a given time, cannot escape this obligation by showing that the deed was fraudulent as to the grantor's creditors. They may set it aside for that reason, but as between the parties the contract is valid, and neither of them will be permitted to prove his own fraud for the purpose of avoiding the obligations therein assumed. This rule rests largely upon considerations of public policy and should be stringently enforced.

Whether a conveyance made by a husband for the purpose of preventing his wife from attaching the land in a suit for divorce, is to be regarded as a " fraudulent conveyance " and voidable by her, *quære.*

Argued October 27th—decided December 15th, 1905.

SUIT to obtain a reconveyance of land pursuant to an agreement of the parties, or for other relief, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The complaint alleges, in substance, that on April 30th, 1902, the plaintiff conveyed by warranty deed to the defendant the tract of land described, with the following condition for reconveyance expressed in the deed : " And it is further agreed and understood by and between the parties that the grantee herein shall deed back the above described premises to the grantor herein at any time within the period of five years from the date hereof, if so desired by the grantor herein upon the payment of $5.00 to the grantee herein." The complaint also averred that said deed was duly recorded; that on March 22d, 1904, the plaintiff tendered to the defendant the sum of $5 and a proper deed of reconveyance, and demanded of the defendant that she execute and deliver the same in fulfillment of her said agreement ; that the defendant then refused to execute said deed and to execute any

deed of conveyance to the plaintiff; and claims, by way of equitable relief, judgment for specific performance, or a decree vesting the title of said land in the plaintiff.

The defendant's answer substantially admits the allegations of the complaint, and avers, by way of second defense, that just before the execution of the deed the plaintiff was guilty of intolerable cruelty to his wife by acts which compelled her to leave his house, and that she left his house for several months, returning to him late in the fall of the same year; that the plaintiff executed the deed mentioned in the complaint, and delivered the same to the defendant for the purpose of preventing his wife from placing an attachment for alimony, in case she brought divorce proceedings, and to prevent her obtaining said alimony. To this second defense the plaintiff demurred, and the claimed error of the court in sustaining the demurrer is the only reason of appeal assigned.

*William H. Cable*, for the appellant (defendant).

*Howard W. Taylor*, for the appellee (plaintiff).

HAMERSLEY, J.   The plaintiff urges with much force that the deed of April 30th, 1902, from the plaintiff to the defendant, cannot be regarded as a fraudulent conveyance, either at the time of its execution or at the commencement of this action, within the meaning of the law defining such conveyances and declaring them to be void as against creditors; but that question is not necessarily involved in this case.   No attempt is here made to set aside the deed as void, as against the plaintiff's wife.   The plaintiff does not seek to set aside or reform the deed for the purpose of compelling the defendant to execute a secret trust in respect to property given to her with intent thereby to defraud the plaintiff's creditors.   This action seeks to compel the defendant to execute an agreement entered into by her and expressed in a deed of land duly recorded.   The defendant admits her agreement, and that by the terms of the deed conveying the land to her she is under obligation to reconvey the land to

the plaintiff upon the payment of $5, but claims that the facts stated in her second defense are sufficient in law to justify her in refusing to carry out her agreement.

This claim is not maintainable. A conveyance of his property by a debtor to another, so made as to be valid and binding between the parties, is valid as between them, notwithstanding the debtor intended thereby to place his property beyond the reach of creditors and his grantee knew of his intention. The transaction is not *turpis causa* and therefore void, but is only voidable as against those who might be defrauded thereby, and until avoided, is valid and binding; the parties to such transaction, as between each other, will not be permitted to prove their fraudulent purpose in order to escape the obligations of their contract; the grantor will not be permitted to prove his own fraudulent purpose in order to avoid the valid contract he has made; nor will the grantee be permitted to prove the fraud, in which he participated, for the purpose of avoiding the obligations of his valid contract. This rule rests largely upon considerations of public policy, and has been stringently enforced. *Nichols* v. *McCarthy*, 53 Conn. 299, 324; *Stores* v. *Snow*, 1 Root, 181; *Chapin* v. *Pease*, 10 Conn. 69, 72; *Bonesteel* v. *Sullivan*, 104 Pa. St. 9; *Dyer* v. *Homer*, 22 Pick. (Mass.) 253, 257; *Harvey* v. *Varney*, 98 Mass. 118; *Clemens* v. *Clemens*, 28 Wis. 637; *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 376.

Upon the facts stated in the complaint and in the defendant's second defense, the plaintiff was plainly entitled to the relief asked, and the defendant could not escape the performance of her admitted obligation by proving that the plaintiff executed and she accepted the deed in question for the purposes alleged by her, even if that fact rendered the deed void as against the plaintiff's wife. The demurrer to the second defense was properly sustained by the trial court.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.