MICHAEL DELIA ET UX. *vs.* JOSEPH CAPRIO.

Third Judicial District, New Haven, June Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A title acquired under a fraudulent conveyance is good as against the grantor, and even his creditors can avoid it only in so far as it may be necessary for them to resort to the land in order to satisfy their demands.

Accordingly, if a creditor of the grantor seeks to have the fraudulent conveyance adjudged void and set aside, or to foreclose a judgment-lien placed by him upon the land, a decree in his favor which fails to recognize and protect any rights whatever in the grantee is erroneous.

Where the only error of the trial court is in the relief granted, the effect of a reversal by this court may well be limited to the correction of that relief.

Submitted on briefs June 12th—decided July 30th, 1906.

WRIT OF ERROR to review a judgment of the District Court of Waterbury, *Peasley, J.   Error and cause remanded.*

At the April term, 1906, to which the writ was returnable, a plea of *nul tiel record* was filed, whereupon an order of reference to the State Referee was made, as of course. Rules of Court, p. 103, § 38. His report, returned to the June term, found the issue for the defendant in error. Before the court had accepted the report, the plaintiffs in error moved to amend their writ to conform to the record as described in the report, and such an amendment was allowed, on payment of costs, including those of the reference. A plea of "nothing erroneous" was then filed.

*Levi N. Blydenburgh* and *Louis Scoppa*, for the plaintiffs.

*Charles G. Root* and *James M. Lynch*, for the defendant.

BALDWIN, J. The original action in the District Court was against Michael Delia and Catherine P. Delia, his wife.

The complaint alleged that the record title to certain lands in Watertown was in her; that it had been conveyed to her by him, through an intermediate grantee, by fraudulent conveyances without any valuable consideration, to defraud the plaintiff, to whom he was indebted; that these lands constituted the only property of Michael Delia out of which the plaintiff's demand could be satisfied; that the plaintiff, two days after the conveyances were recorded, had attached them in a suit on his demand against Michael Delia, who was then still their real owner; that he had recovered judgment in that suit, and filed a proper certificate of judgment-lien; and that Michael Delia was in possession of the lands. The claims were that each of the conveyances described be set aside and declared of no effect, and for a foreclosure. The defendants filed a joint answer, which amounted to a general denial, except that it admitted the several conveyances. The issues were found for the plaintiff, and a judgment rendered by which each of the conveyances was declared void and set aside; the title to the lands vested in Michael Delia (subject to the judgment-lien) as if the conveyances had never been given; a strict foreclosure granted against Michael Delia; and he required to deliver up possession, with stay of execution until the expiration of the law-day.

The title acquired by Mrs. Delia under the conveyance was good as against her husband, and good also as against his creditors, except so far as it might be necessary for them to resort to the lands in order to satisfy their demands. *Bouton* v. *Beers*, 78 Conn. 414, 62 Atl. 619. It was therefore erroneous to set it aside altogether. She was entitled also to an opportunity to redeem, but none was given to her.

The facts in controversy having been found for the plaintiff, he was entitled to a judgment of foreclosure and for such an adjudication as to the title of the defendants, in respect to the plaintiff's demand, as was necessary to make a foreclosure beneficial. Since error appears only in the relief granted, justice will be best done by limiting the

effect of our reversal to the correction of that relief. *Davenport* v. *Bradley*, 4 Conn. 309.

The judgment of the District Court is reversed with costs, and the cause remanded for the entry of such a judgment in favor of the defendant in error as will be in conformity with this opinion.

In this opinion the other judges concurred.