ARCHIBALD C. DOTY ET ALS. *vs.* ARTHUR N. WHEELER ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 4th, 1935—decided January 8th, 1936.

*Lorin W. Willis,* with whom, on the brief, was *William E. Allen, Jr.,* for the appellant (defendant Wheeler).

*David Goldstein,* with whom, on the brief, was *George A. Saden,* for the appellant (defendant Hauslaib).

*Philip Pond,* with whom, on the brief, was *Joseph B. Morse,* for the appellant (defendant Cavanagh).

*Sydney P. Simons,* with whom, on the brief, was *Henry Greenstein,* for the appellees (plaintiffs).

AVERY, J.   The plantiffs brought this action to recover upon a promissory note executed by the defendant O. F. Ozley & Co., Inc., as maker and indorsed by the defendants Arthur N. Wheeler and O. F. Ozley. The plaintiffs asked for judgment for the amount due

on the note and also to set aside conveyances of real estate made by the defendant Wheeler to the defendants Cavanagh and Hauslaib, on the ground that the conveyances were fraudulent as against creditors.

At the trial, it was not controverted that the defendants O. F. Ozley & Co., Inc., and Arthur N. Wheeler were liable as maker and indorser, and judgment was rendered against them for $4294.62, being the amount of the note with interest. No question is raised upon this appeal as to the propriety of this judgment and the liability of those defendants on the note. The court, however, in its judgment found that conveyances made by Wheeler to the defendants Cavanagh and Hauslaib were fraudulent as against creditors, and gave judgment setting aside the conveyances of real estate by Wheeler to those defendants and revesting in Wheeler the title to the property conveyed. The questions raised upon this appeal are whether, upon the facts found with such corrections as the appellants are entitled to, the deeds from Wheeler to the defendants Cavanagh and Hauslaib were fraudulent as against the plaintiffs. A further question arises that even if the deeds were fraudulent, whether or not the judgment should have gone beyond setting aside the conveyances so far as might be necessary to satisfy the plaintiffs' claim.

The essential facts appearing in the finding, with such corrections as the appellants are entitled to, are as follows: The note in question was dated August 19th, 1932. It was indorsed by Arthur N. Wheeler and O. F. Ozley. Wheeler had been associated with the company from the time of its incorporation and the debt upon which the note was given had existed some time prior to the date of the note. Previously, on October 9th, 1928, Wheeler conveyed to the defendant Hauslaib nine parcels of real estate situated in the

towns of Newtown and Trumbull with the buildings thereon; the assessed value of the real estate conveyed being $36,000. One of the properties in Trumbull was the Wheeler homestead which had been in that family for two hundred years. The conveyances were absolute in form by quitclaim deed but at the time there was an oral agreement with Hauslaib that Wheeler and his wife were to have the right to live in the homestead during their lives. The only consideration for these conveyances was love and affection. After the conveyance, Wheeler continued to occupy the homestead and used it in the same manner as he had previously. He has paid taxes on the properties and made substantial repairs and improvements, including painting of the homestead, re-roofing the house, repairing fences, buying fertilizer and ashes and planting shrubbery, the repairs and improvements amounting to about $4000 in value. Mrs. Wheeler, with another person, conducts a chicken farm upon the property, paying no rent therefor and without agreement with Hauslaib in relation thereto, and has erected numerous buildings also without any agreement with Hauslaib. Since these conveyances, Wheeler had an engineer lay and stake out building lots for the purpose of sale. On August 13th, 1931, Hauslaib executed a mortgage for $12,000 on the Trumbull property, arrangements for which were made by Wheeler who received from the proceeds the sum of $5439.02 for which he gave Hauslaib no note or evidence. The balance of the amount realized was expended by Wheeler for the purchase of stock of the United Illuminating Company which was taken in the name of Hauslaib and afterward sold, and the proceeds expended to pay notes of Hauslaib at various banks. Hauslaib did not know to whom Wheeler sold the stock nor the banks at which

he owed the notes nor the amounts thereof, nor did Wheeler ever account to him for the use of the money.

Wheeler had been in the finance business for over thirty years, but until January 1st, 1930, kept no books of account, cancelled checks or income tax papers by which his assets could be determined. However, in the books kept by him subsequent to January 1st, 1930, there appears an account which purports to evidence eighteen loans from Hauslaib beginning March 25th, 1930, and extending to August 6th, 1932, aggregating a total of $5839.02, varying in amounts from $20 to $1600. The books did not contain all of his transactions since January 1st, 1930. In October, 1928, he owed the First National Bank of Bridgeport $35,449.91 on a note, upon which there was due at the time of the trial $1510.55. In 1927, the City National Bank of Bridgeport recovered a judgment against him for $21,704.66 which judgment was obtained by default although Wheeler appeared by counsel, having been personally served. The execution was returned wholly unsatisfied upon this judgment although it was subsequently paid by Wheeler. In November, 1933, Wheeler was adjudicated a bankrupt with total liabilities of $85,695.61 and total assets of $71. At the time of the execution of the deeds to Hauslaib, Wheeler was indebted to various banks in an amount not less than $250,000. From the facts appearing as to the manner in which Wheeler continued to manage and control the property after its conveyance to Hauslaib together with the evidence as to Wheeler's financial condition from the time of the conveyances until his bankruptcy, the court could permissibly draw the inference that at the time of the conveyances to Hauslaib, Wheeler was insolvent; that his insolvency continued; and that the conveyances were made in an attempt to defraud existing and future creditors, which would render them

invalid as to such creditors. *Bassett* v. *McKenna*, 52 Conn. 437, 442; *O'Neill* v. *Kilduff*, 81 Conn. 116, 121, 70 Atl. 640; *Pepe* v. *Santoro*, 101 Conn. 694, 699, 127 Atl. 277.

The conveyances to Miss Cavanagh were upon a different footing. These were made by deed dated June 21st, 1930, and conveyed to her three pieces of real estate in the city of Bridgeport. The properties were assessed at approximately $13,900. There was a mortgage on one in the amount of $4000, and upon another of $6000, both of which had been substantially reduced. The trial court found that prior to the conveyance to Miss Cavanagh, Wheeler collected the rents and continued to do so thereafter until he was adjudicated a bankrupt; and thereafter Mrs. Wheeler and Miss Cavanagh collected the rents. After the conveyance, Wheeler paid the taxes upon the property and repainted one of the houses. The evidence bearing upon this transaction was the testimony of Wheeler himself, who said that he had paid the taxes and had painted a house. He also stated that the taxes were due in the October preceding the conveyance and it was agreed that he should pay them; and that it was also agreed that when the conveyance was made he should paint both houses, but Miss Cavanagh had only required him to paint one. He further stated that he had collected the rents until his bankruptcy but for Miss Cavanagh and as her agent, and accounted to her for them.

It appears that the trial court believed the testimony of Wheeler in so far as it served to substantiate the plaintiff's claim but did not credit it in so far as it might militate against that claim. Inasmuch, however, as it is the province of the trial court to weigh the evidence and determine what part of the testimony it would believe, these findings are not susceptible of

correction by us. The trial court also found that the conveyances to the defendant Cavanagh were without consideration and were made with the deliberate intent on the part of Wheeler to defraud existing and future creditors, and that Miss Cavanagh was a party to the fraudulent transaction. There was no evidence showing or tending to show that the conveyances to Miss Cavanagh were without consideration of value. On the contrary, the only evidence before the court was that of Wheeler to the effect that the purchase price for the property was approximately $11,170, of which she paid $4500 or $5500 in cash and the balance by a cancellation of an indebtedness held by her against him; and that the purchase price represented the fair value of the property. Even if the trial court disbelieves this testimony, this would not of itself justify a finding to the contrary, that the conveyance was without consideration.

The burden of proving that the deeds from Wheeler to Hauslaib and Miss Cavanagh were fraudulent as to creditors was upon the plaintiff. *Fishel* v. *Motta,* 76 Conn. 197, 199, 56 Atl. 558; *Porter* v. *Adams,* 98 Conn. 349, 352, 119 Atl. 358; *Daly Brothers, Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 Atl. 237; *Dombron* v. *Rogozinski,* 120 Conn. 245, 247, 180 Atl. 453. The principle is well established that a bona fide transfer of property for an adequate and valuable consideration, even though the grantor be in failing circumstances or insolvent at the time, may be good as to creditors, nor will it be invalidated because the consideration in whole or in part was a past indebtedness. *Meade* v. *Smith,* 16 Conn. 346, 358; *Warner Glove Co.* v. *Jennings,* 58 Conn. 74, 82, 19 Atl. 239; *Clarke* v. *Black,* 78 Conn. 467, 471, 62 Atl. 757; *Katz* v. *Richman,* 114 Conn. 165, 170, 158 Atl. 219. The mere fact that after the conveyance to Miss Cavanagh, Wheeler paid taxes

for that year, painted one of the buildings and collected the rents until his bankruptcy, would not justify the inference that the conveyance was without an adequate consideration of value or that Miss Cavanagh took title with the intention to defraud either existing or future creditors of Wheeler. The trial court seems to have based its conclusion to that effect upon the fact that although present in court she was not called as a witness in her own behalf. This deduction was unwarranted upon the state of the evidence at the time. "The inference drawn from a failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced." *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 657, 174 Atl. 67; *DeMarey* v. *Brugas,* 103 Conn. 667, 670, 131 Atl. 392; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 136 Atl. 560. It follows that there is error upon the appeal of the defendant Cavanagh.

The judgment set aside the conveyance entirely to the defendant Hauslaib and revested the title in Wheeler. Title gained by a fraudulent conveyance is valid as between the parties and is voidable at the suit of a creditor to the extent necessary to satisfy the amount due the creditor. *Bouton* v. *Beers,* 78 Conn. 414, 416, 62 Atl. 619; *Delia* v. *Caprio,* 79 Conn. 284, 285, 64 Atl. 340. It follows that there is error in the form of judgment against the defendants Wheeler and Hauslaib and the judgment should be corrected setting aside the conveyance to defendant Hauslaib so far as it might operate to obstruct the plaintiffs in the enforcement of their judgment. *Sturges* v. *Portis Mining Co.,* 206 Fed. 534; *Coons* v. *Lemieu,* 58 Minn. 99, 59 N.W. 977.

There is error; the cause is remanded to the Superior Court with direction to enter judgment for defendant Cavanagh and to modify the judgment against defendants Wheeler and Hauslaib as hereinbefore indicated.

In this opinion the other judges concurred.