HELEN MELESKI *v.* OLIVE HAVENS ET AL.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 1, 1942.

*Sheldon B. Smith,* for the appellant (plaintiff).

*Freeman Light,* for the appellee (defendant).

PER CURIAM. The trial court found the following facts: The plaintiff is the mother of an illegitimate child and works as a domestic servant. She boarded the child, then six months old, with the defendants. After the child had been with the defendants for about three months the parties entered into an adoption agreement which was approved by the Court of Probate for the district of Norwalk on February 15, 1940, after the usual formalities.

On November 8, 1940, the plaintiff brought the present suit, claiming that she signed the adoption agreement in the belief, induced by the defendants, that it was a proceeding to correct the birth certificate of her daughter and that the adoption agreement was therefore procured by fraud and misrepresentation. She further claimed that, relying on the fraudulent representations of the defendants, she did not appear in the Probate Court and that the defendants committed a fraud on that court by failing to disclose the true nature of the agreement.

Her allegations that she was prevented by the fraudulent representations of the defendants from presenting her case in the Probate Court and that they committed a fraud on that court, if proved, were sufficient to entitle her to a judgment. *Folwell* v. *Howell*, 117 Conn. 565, 569, 169 Atl. 199. The inherent difficulty with the plaintiff's position on this appeal is that, while the case was tried on these issues, she failed to prove the truth of these allegations. The evidence was conflicting and the memorandum of decision shows that the only issue was one of credibility. No reference is made to the finding in the plaintiff's brief and the plaintiff has improperly argued the question upon the basis of the evidence, printed in accordance with her assignments of error attacking the finding. We have nevertheless examined the evidence in connection with these assignments of error. No material correction in or addition to the finding can be made. Even the plaintiff appears to admit that there was evidence supporting the finding, for in her brief she states that the issue on appeal is whether she proved her case by the better weight of the evidence. The subordinate facts support the conclusion and the judgment. Credibility of witnesses and weight of evidence are for the trial court. *Doty* v. *Wheeler*, 120 Conn. 672, 677, 182 Atl. 468.

The plaintiff also claims in her brief that the attestation and acknowledgment of the adoption agreement were faulty and that its presentation in that condition constituted a further fraud on the Probate Court. In the first place this was not alleged and in the second there is no requirement that an adoption agreement need be either witnessed or acknowledged. General Statutes, §§ 4809-4814.

There is no error.