### In re MCNAMARA, Debtor.

#### No. 01–73526.

United States District Court, E.D. Michigan, Eastern Division.

Jan. 30, 2002.

---

Thomas J. Budzynski, Clinton Township, MI, for Debtor.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

### I. FACTS

Paul McNamara ("the Debtor") filed for bankruptcy on May 2, 2000. The § 341 meeting was held on June 1, 2000. During the § 341 meeting, the Debtor filed the required documents. The time for filing objections to claimed exemptions under Fed. R. Bankr.P. 4003 expired July 1, 2000. No objections were filed. The issue before the court is whether an order denying a motion for abandonment is a "final order," and thereby reviewable under 28 U.S.C. § 158. Because the bankruptcy court's determination does not constitute a final order, the Trustee's motion to dismiss is GRANTED.

### II. STANDARD OF REVIEW

■ This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. §§ 158(a); *In re Dow Corning Corp.*, 255 B.R. 445, 471 (E.D.Mich.2000). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Whittington v. Milby*, 928 F.2d 188, 191 (6th Cir.1991) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); *In re Dow Corning Corp.*, 255 B.R. at 471. The question of finality in bankruptcy appeals is highly debated. *See generally*, 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §§ 3926.2 (2d ed.1996). "Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation." *Id.* § 3926.2, at 270. Indeed, "[i]t is difficult to find a clearly logical system of exposition ... [of determining bankruptcy finali-

ty] because there are too many decisions to be made in too many different bankruptcy contexts to allow more than a vague path of progression.... Flexibility is compelled by context, but defeats clarity in the short term." *Id.* at 290.

■ In accordance with this suggestion, the Sixth Circuit has emphasized that the requirement of finality is to be given a practical rather than a technical construction. *Id.* (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). In cases of marginal finality, the "*Gillespie* doctrine" applies. *Vause v. Capital Poly Bag, Inc.*, 886 F.2d 794, 797 (1989). Under this doctrine, when finality cannot be conclusively resolved in certain close cases, "danger of denying justice by delay outweighs the inconvenience and costs of piecemeal review, particularly when the questions on appeal are fundamental to the further outcome of the case." *Id.* (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964)). This doctrine, therefore, "permits the courts of appeals to decide the merits in cases of marginal finality where the course of litigation would be impeded, rather than advanced, by dismissing the appeal." *Id.*

### III. ANALYSIS

■ The Debtor attempts to frame the issue as whether the bankruptcy court had subject matter jurisdiction over the property at issue in this case. In support of this argument, the Debtor cites *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and *In re Gamble*, 168 F.3d 442 (11th Cir.1999), which stand for the proposition that exemptions not properly objected to within 30 days revert back to the Debtor. This results in the property being "outside the estate," and, therefore, outside the juris-

diction of the bankruptcy court. While this statement is true, it is inapposite to the case at bar.

As the Trustee correctly notes, the actual question is whether the bankruptcy court's decision was a "final order" for the purposes of 28 U.S.C. § 158, to which the Debtor has a direct appeal of right or an interlocutory order which requires the Debtor to follow the procedures set forth in Local Bankruptcy Rules 8001(b) and 8003 before receiving review. The Trustee asserts that the bankruptcy court's decision is not final because it does not conclude the litigation on the merits of the case and leave nothing for the court to do but execute the judgment. The Debtor claims that the bankruptcy court order is final because it was a ruling determining that it had jurisdiction over the property at issue.

■■■ Under 28 U.S.C. § 158(a), which governs the district court's subject matter jurisdiction of bankruptcy appeals, district courts have jurisdiction to hear appeals from *"final* judgments, orders, and decrees[.]" 28 U.S.C. §§ 158(a)(1) (emphasis added). The parties have not identified any cases explicitly stating whether a bankruptcy court's finding of subject matter jurisdiction over property is a "final order." In light of general principles of jurisdiction this court concludes that such a finding is not appealable as a "final order" under § 158(a)(1). *Cf. Milan Exp. Co., Inc. v. Western Sur. Co.,* 886 F.2d 783, 785 n. 1 (6th Cir.1989).

■■■ The nature of the bankruptcy court's Order further supports the conclusion that no final order has been entered in this case. While the bankruptcy court entitled its Order, "Order Denying Debtor's Motion to Find Trustee has No Interest in Property," a review of the facts reveals that the court is actually addressing the Trustee's contemplation of an action pursuant to the sections of the bankruptcy code which govern avoidance powers. Such actions are not governed by the 30–day period for objections to exemptions set forth under Fed. R. Bank. P. 4003(b), but by the provisions of 11 U.S.C. § 546. *See In re Harry,* 151 B.R. 735, 737–38 (Bankr.W.D.Va.1992). The fact that the Trustee did not object to the property at issue in this case within the 30 days allowed for under § 4003(b), therefore, is irrelevant because the Trustee's objection is not to the claimed exemption itself. Instead, the Trustee is attacking the underlying transfer. *Id.* at 738. Indeed, as Judge Shapero's August 16, 2001, Opinion recognized: "Debtor exempted an interest in tenancy by the entireties. If the transfer that created that interest is avoided, Debtor does not have an entireties to claim. If Trustee is unsuccessful, then Debtor maintains his entireties exemption, to which Trustee has not objected." These same statements demonstrate that his Order was not "final" on this issue.

As the Bankruptcy Court of the Western District of Michigan has recognized:

> The distinction between an objection to an entireties exemption and an action to set aside a fraudulent conveyance that creates a tenancy by the entireties is particularly important in bankruptcy. Under section 541(a), only the debtor's interest in entireties property becomes property of the estate (absent substantive consolidation of the debtor's and the spouse's estates). If a creditor or other party in interest successfully objects to the entireties exemption, the court will administer the debtor's interest in the entireties property for the benefit of all the debtor's creditors—not simply joint creditors of the debtor and the non-debtor spouse. Also, a timely objection to an entireties exemption may permit

the trustee to administer the entireties property for the benefit of joint creditors of the debtor and the non-debtor spouse. *See Liberty State Bank and Trust v. Grosslight (In re Grosslight),* 757 F.2d 773 (6th Cir.1985); *Lasich v. Estate of A.N. Wickstrom (In re Wickstrom),* 113 B.R. 339 (Bankr.W.D.Mich. 1990) (dicta); *Michigan Nat'l Bank v. Chrystler (In re Trickett),* 14 B.R. 85 (Bankr.W.D.Mich.1981). When the court sustains an objection to an entireties exemption, the trustee may sell the interest of the non-debtor spouse, but only under the conditions prescribed in section 363(h)-(j). The non-debtor spouse then takes his or her share under section 363(j). On the other hand, if the trustee succeeds in *avoiding* the transfer that created the tenancy by the entireties, the trustee recovers the entire property (*i.e.,* both the debtor's and the spouse's interests) for the benefit of the estate under section 550, and may dispose of the property without the restrictions of section 363(h)-(j). In effect, avoiding a transfer (as opposed to merely sustaining an objection), increases (presumptively doubles) the amount of property available to satisfy claims against the estate. In sum, although the court must look to Michigan's fraudulent conveyance laws when assessing a debtor's entitlement to an entireties exemption, *see Hoerner v. Elkins (In re Elkins),* 94 B.R. 932 (Bankr.W.D.Mich. 1988), the two remedies are, at least in the context of bankruptcy, entirely distinct. *Cf. Levine v. Weissing (In re Levine),* 134 F.3d 1046 (11th Cir.1998) (trustee's complaint to avoid fraudulent transfer is not subject to Fed. R.Bankr.P. 4003(b) 30–day period, but instead is governed by 2–year limitation period of section 546(a)).

*In re Page,* 240 B.R. 548, 552 n. 5 (Bankr. W.D.Mich.1999). These statements demonstrate that a decision regarding an objection to an entireties exemption does not affect a court's ability to determine whether a fraudulent conveyance has occurred. For these reasons, the Debtor's appeal will be dismissed.

The bankruptcy court's September 7, 2001, ruling was not final, but interlocutory, for it clearly failed to dispose of the issue of whether the transaction or transfer that created entireties ownership was a fraudulent conveyance. Section 158(a)(3) provides that district court review of interlocutory orders and decrees of bankruptcy judges shall only be had "with leave of the court." *See In re Wheeler,* 252 B.R. 420, 424 (W.D.Mich.2000). Local Bankruptcy Rules 8001(b) and 8003 outline the requirements for an appeal from an interlocutory order. It is undisputed that the Debtor did not following these procedures. This court concludes, therefore, that no appeal may be had from the bankruptcy court's determination regarding the property at issue in the instant case.

## IV. CONCLUSION

The Debtor has not shown that a "danger of denying justice by delay outweighs the inconvenience and costs of piecemeal review." *Vause,* 886 F.2d at 797. Because the course of litigation would be advanced by dismissing the appeal, this Court declines to decide the merits of the Debtor's appeal. *Id.* For these reasons, the Debtor's appeal is DISMISSED.

Accordingly,

**IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss Appeal (**Docket # 4, filed September 19, 2001**) is **GRANTED.**

**IT IS FURTHER ORDERED** that Appellant's Appeal (**Docket # 1, filed September 17, 2001**) is **DISMISSED.**