In re Paula WOODIN, Debtor.

Anthony S. Novak, Trustee, Plaintiff,

v.

Charles E. Woodin, Defendant.

Bankruptcy No. 02–21662.
Adversary No. 02–2310.

United States Bankruptcy Court,
D. Connecticut.

June 2, 2003.

Joel M. Grafstein, Farmington, CT, for Plaintiff–Trustee.

Benjamin Ancona, Jr., Ancona & Siegel, New Britain, CT, for Defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

#### ISSUE

##### A.

The question for decision is whether the plaintiff Chapter 7 trustee is foreclosed from pursuing a fraudulent property transfer action against the transferee-defendant because the trustee failed to timely object to the debtor's claimed homestead exemption of the property she transferred prepetition. The short answer is "no," on the two bases separately set out in sections IV. A and B, *infra.*

##### B.

The defendant raises the issue in his motion for summary judgment ("the motion") in his favor. The plaintiff agrees that, for the purposes of the motion, there is no genuine issue as to any material fact, but denies that the defendant is entitled to judgment. *See* Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056 (providing that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.")

### II.

#### BACKGROUND

##### A.

Paula Woodin, the debtor ("the debtor"), on June 3, 2002, filed a Chapter 7 bankruptcy petition. In "Schedule A—Real Property" of her petition, she stated "Debtor was co-owner of 33 Adam Drive, Newington, CT and quitclaimed her interest to husband on 4/00." She listed the value of her interest in the property as $170,000 and $62,000 as the amount of a secured claim. In "Schedule C—Property Claimed As Exempt" of her petition, she described the exempted property thusly: "Debtor was co-owner of 33 Adam Drive, Newington, CT and quitclaimed her interest to husband on 4/00." She asserted the Connecticut homestead exemption of "up to $75,000," and the value of the claimed exemption as "$54,000." [1] In response to question 10, "Other Transfers," in her "Statement of Financial Affairs," she listed "Charles Woodin" as the transferee of the property, a transfer date of "4/4/00," and she did not respond to the line entitled "Value Received."

Anthony S. Novak, Esq., the Chapter 7 Trustee ("the plaintiff"), on December 4, 2002, filed a three-count complaint against Charles E. Woodin ("the defendant"), generally asserting that the debtor's transfer of her interest in 33 Adam Drive, Newington, Connecticut ("the property") to the defendant for no consideration was an avoidable fraudulent transfer under the Uniform Fraudulent Transfer Act, Conn. Gen.Stat. § 52–552a *et seq.* The plaintiff requested an order avoiding the transfer, or a judgment of $54,000, "the value of the Transfer." (Compl. at 5.)

---

1. Conn. Gen.Stat. § 52–352a(e) defines "homestead" as "owner-occupied real property ... used as a primary residence."

### B.

The defendant filed an answer to the complaint, denying many of its allegations, but in the motion, filed on April 7, 2003, he contends he is entitled to summary judgment because the debtor has exempted the property and neither the plaintiff, nor anyone else, timely objected to the debtor's exemption, and pursuant to Bankruptcy Code § 522, Fed. R. Bankr.P. 4003(b) and the Supreme Court's ruling in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("*Taylor*"), the plaintiff is bound by such unobjected-to exemption claim. The plaintiff denies that any objection to the exemption claim is required when the property sought to be exempted was not property of the estate on the petition date or at the time the exemption was filed.

### III.

### *STATUTES, RULES AND TAYLOR*

#### A.

Bankruptcy Code § 522(b), in part, provides: "[A]n individual debtor may exempt from *property of the estate* the property listed [either under state law or under the bankruptcy code]." (Emphasis added.) Section 522(g) specifically prohibits a debtor from exempting any property which a trustee recovers under the trustee's avoiding powers if the debtor voluntarily transferred such property. Section 522(I) requires the debtor to "file a list of property that the debtor claims as exempt" and provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt."

#### B.

Bankruptcy Rule 4003, entitled "Exemptions," provides, in relevant part, as follows:

(a) *Claim of Exemptions.* A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007.

(b) *Objecting to a Claim of Exemptions.* A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

#### C.

*Taylor* involved a debtor who listed among her assets an employment discrimination action against her employer and claimed the "Proceeds from lawsuit" and "Claim for lost wages" as exempt, with value "unknown." *See* 503 U.S. at 640, 112 S.Ct. 1644. No party objected to the exemption. *See id.* When, thereafter, the debtor received $100,000 in settlement of her action, the trustee sought in the bankruptcy court to recover from the debtor's law firm the amount which exceeded the allowable exemption under § 522(d). The law firm objected contending that all proceeds were exempt because the trustee had failed to timely object to the debtor's exemption. *See id.* at 641, 112 S.Ct. 1644. In *Taylor,* there was no argument as to the debtor's right under § 522(d) to claim an exemption in the lawsuit, only the amount of the exemption was at issue. The Supreme Court characterized the issue before it in broad language as follows: "We must decide in this case whether the trustee may contest the validity of an exemption after the 30–day period if the debtor had no colorable basis for claiming the exemption." *Id.* at 639, 112 S.Ct. 1644.

The Supreme Court held for the law firm, stating: "Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days unless, within such period, further time is granted by the court.... [Creditors] cannot contest the exemption [after the expiration of 30 days] whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 643, 112 S.Ct. 1644 (internal quotation marks omitted).

### IV.

### DISCUSSION

#### A.

■■■ The court concludes that *Taylor* does not control this proceeding because the transferred property sought to be exempted was not an asset of the debtor's estate on the petition date or any time subsequent. Unlike *Taylor*, this proceeding has nothing to do with the amount of an exemption, where the exemption itself is authorized by § 522(d). Under the settled law of this circuit, fraudulently transferred property "is not to be considered property of the [debtor's] estate until it is recovered." *In re Colonial Realty Co.,* 980 F.2d 125, 131 (2d Cir.1992) (internal quotation marks omitted). In order for a debtor to exercise rights to exempt property that property must be property of the estate. *Cf. Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) ("*Owen*") ("No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate

cannot be exempted."); *Cf. also Mercer v. Monzack,* 53 F.3d 1, 3 (1st Cir.1995) ("*Mercer*") ("The threshold question is whether the property in dispute is *in fact* the property of the estate listed as exempt.").

■■■ The debtor's purported exemption of property that is not property of the estate is a nullity, not requiring a Rule 4003(b) objection. To paraphrase *Mercer,* neither *Taylor,* the Code nor the Rules of Bankruptcy Procedure require parties in interest to interpose Rule 4003(b) objections to exemption claims in order to preserve their right to invoke the summary jurisdiction of the bankruptcy court to determine whether an asserted fraudulent transfer is recoverable by the trustee. *See* 53 F.3d at 3.[2]

If the plaintiff prevails in his action against the defendant and recovers the property (or its value), the debtor, at that time, if she chooses, may amend her exemption schedule to seek to exempt the property. At that point, parties in interest would be governed by Rule 4003(b) in filing objections to the exemption claim.

#### B.

The court concludes further that the defendant's arguments are misplaced in that the plaintiff in this proceeding does not seek to contest the debtor's claimed exemption, but has filed an action against the defendant to avoid a fraudulent transfer. In *In re Levine,* a Chapter 7 trustee brought a fraudulent transfer complaint seeking to set aside the debtors' prepetition transfers of assets to several insurance companies. *See* 134 F.3d 1046, 1048 (11th Cir.1998). The transfers resulted in the issuance of annuities to the debtors which annuities the debtors claimed as ex-

---

**2.** The court appreciates that the factual background in *Owen* and *Mercer* differ from the instant matter, but believes the statements of doctrine in each case are apt and instructive.

empt in their schedules under Florida state law. *See id.* Neither the trustee nor any creditors timely filed an objection to the exemptions. After the trustee received a judgment in his favor, the debtors appealed contending, *inter alia,* that Rule 4003 barred the trustee from contesting the exempt status of the annuity. *See id.* at 1049. The Court of Appeals held:

> [T]he trustee in this action does not seek to contest the exemptions *per se;* rather, this is an adversary action filed pursuant to 11 U.S.C. § 544, which permits the trustee to "avoid any transfer of the property of the debtor. ..." The Bankruptcy Code provides that an adversary action filed under this provision may be filed within two years after the entry of the order for relief.... It is undisputed that the trustee has complied with the two-year limitation on the filing of this action. Having determined that the statute of limitations governing objections to exemptions does not control this case, we conclude that the trustee's action to contest the transfer of funds is not time-barred.

134 F.3d at 1053 (quoting 11 U.S.C. § 544) (citations omitted); *see also In re McNamara,* 273 B.R. 132, 135–36 (E.D.Mich. 2002) (same); *In re Page,* 240 B.R. 548, 552–53 (Bankr.W.D.Mich.1999) (same).

Based upon these rulings, the court concludes that the plaintiff's complaint to avoid a fraudulent transfer to the defendant is not subject to the Rule 4003(b) 30–day period of objections to exemptions and does not affect the court's ability to determine whether a fraudulent conveyance has occurred.

## V.

### *Conclusion*

In light of the foregoing, the court denies the defendant's motion for summary judgment. The court believes it useful, however, to repeat the admonition expressed by the U.S. Bankruptcy Appellate Panel of the Ninth Circuit in *In re Clark*: "As this case illustrates, trustees risk costly delays and the uncertainty of litigation and appeals when they assume that failure to object to an imprecise and unsupported exemption claim will not result in automatic exemption under *Taylor.* By far the safer approach would be for trustees to take a conservative and skeptical view of exemption claims, and refuse to accept any claim of exemption that is not clearly legitimate on its face." 266 B.R. 163, 171 (9th Cir. BAP 2001). It is

SO ORDERED.