**In re Sebastian SBRIGLIO, Angela Sbriglio, Debtors.**

No. 02–22047.

United States Bankruptcy Court, D. Connecticut.

March 1, 2004.

John R. Serrano, Serrano and Serrano, LLC, West Hartford, CT, for Debtors.

J. Martin Acevedo, Mayo, Gilligan & Zito, LLP, Wethersfield, CT, for Creditor Rino Gnesi Co., Inc.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The matter before the court in this re-opened Chapter 7 joint case is the motion of Sebastian Sbriglio and Angela Sbriglio (together "the debtors") to avoid, pursuant to Bankruptcy Code § 522(f)(1),[1] a judicial lien as impairing the debtors' homestead exemptions ("the motion"). Rino Gnesi Co., Inc. ("Gnesi Co.") holds the judicial lien (an attachment) recorded against a single-family residence known as 51 Cowles Street, Hartford, Connecticut ("the residence"), and objects to the granting of the motion. An evidentiary hearing on the motion concluded on December 11, 2003, following which the parties submitted initial, and in the instance of the debtors, reply memoranda of law.

### II.

### BACKGROUND

#### A. Prepetition

The debtors purchased the residence in 1970 and have continuously lived there since that date. On June 30, 2000, the debtors transferred title to the residence to their daughter, Ann M. Sbriglio ("the daughter") by warranty deed for the stated consideration of $106,000. The daughter subsequently mortgaged the residence to Sovereign Bank for $83,000.

Gnesi Co., by complaint dated August 3, 2000, commenced an action against the debtors in the Connecticut Superior Court ("the state court") based upon the debtors' note and mortgage secured by commercial property owned by the debtors. On or about November 9, 2001, Gnesi Co., utilizing procedures provided by Conn. Gen. Stat. Chapters 903a ("Prejudgment Remedies") and 904 ("Attachments"), placed an attachment against the residence. The debtors promptly moved to vacate the attachment, but the state court, on November 26, 2001, denied their request.

By complaint dated November 15, 2001, Gnesi Co. brought an action against the debtors and the daughter alleging the transfer of the residence by the debtors to the daughter was a fraudulent transfer (the "second action"). As relief, Gnesi Co. requested: "That the conveyance of an interest in real property known as 51 Cowles Street, Hartford, Connecticut, from the defendants Sebastian Sbriglio and Angela Sbriglio to the defendant Ann M. Sbriglio be set aside and declared null and void as to the Plaintiff." (Exh. No. 3.) The debtors and the daughter appeared in the second action by counsel, but were defaulted for failure to plead. At the hearing in damages upon default, the state court, on June 25, 2002, entered a "Judg-

---

1. 11 U.S.C. § 522(f)(1) provides, in relevant part:
 (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the

 extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
 (A) a judicial lien . .

ment and Order" which, in pertinent part, adjudged that the conveyance of the residence from the debtors to the daughter "is hereby set aside and that said conveyance be declared null and void as to Rino Gnesi Company, Inc." (Exh. No. 4.)

### B. Postpetition

The debtors filed their joint Chapter 7 petition on July 12, 2002. They listed the residence in "Schedule A—Real Property" of the petition with the following comment: "Ownership based on 6/25/02 Conn Superior Court Judgment which debtors dispute," and they placed a current value of $1.00 on the residence. They also claimed in "Schedule C—Property Claimed as Exempt" of the petition an exemption in the residence of $1.00. The court thereafter granted the debtors a discharge and, on November 6, 2002, the court closed their case as a "no asset" estate.

The court, on April 2, 2003, granted the debtors' motion to reopen their case. The debtors, on August 12, 2003, filed the motion to avoid the Gnesi Co. attachment. On that date, the debtors amended their Schedules A and C to value both the residence and their exemptions at $106,000. On December 11, 2003, the final day of the hearing on the motion, the debtors again amended Schedules A and C to change the value of the residence to $149,000 and to increase their exemption claims to $150,000. The debtors on both occasions added the following comment to Schedules A and C: "Ownership based on 6/25/02 Conn Superior Court Judgment which debtors dispute. Title subject to Warranty Deed to Ann Sbriglio and $80,000 Mort-

gage from Ann Sbriglio to Sovereign Bank."

### III.

### ARGUMENTS OF THE PARTIES

The debtors argue that as a result of the state-court judgment in the second action, ownership of the residence was again vested in the debtors as of the bankruptcy petition date. The debtors contend, as such owners, they are entitled to claim their homestead exemptions and avoid the fixing of Gnesi Co.'s attachment on the residence.

Gnesi Co. analogizes the second action to a recovery of fraudulently transferred property by a bankruptcy trustee. It argues: (1) that the debtors, having voluntarily transferred their interest in the residence, are prohibited, pursuant to § 522(g),[2] from claiming exemptions therein, and (2) that the doctrine of laches time bars the motion.

### IV.

### DISCUSSION

 The debtors can avoid the fixing of Gnesi Co.'s attachment on the residence only if the attachment impairs the debtors' exemptions, and the debtors may claim exemptions in the residence only if the residence is property of their bankruptcy estate. Although neither of the parties has addressed in their memoranda the issue of whether the residence is property of the estate, resolution of that issue is a prerequisite or condition to the court's consideration of the motion. *See Novak v. Woodin (In re Woodin)*, 294 B.R. 436, 439

---

**2.** 11 U.S.C. § 522(g) provides

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to

the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; . . . .

(Bankr.D.Conn.2003) ("In order for a debtor to exercise rights to exempt property that property must be property of the estate.... The debtor's purported exemption of property that is not property of the estate is a nullity...."); *In re Cantrell,* 270 B.R. 551, 555 (Bankr.D.Conn.2001) ("[I]if the Debtor did not have a legal or equitable interest in the Property under Connecticut law as of the Petition Date, the exemption provisions of Section 522 cannot be applied at the Debtor's behest in respect of the Property.").

The parties' assumption that the state-court judgment in the second action transferred ownership of the residence back to the debtors is without any foundation. Such premise is inconsistent with the relief requested in the second action, the language of the subsequent state-court judgment, and Connecticut case and statutory fraudulent transfer law. The complaint requested an order voiding the transfer to the daughter "as to the Plaintiff," and the state-court "Judgment and Order," declaring the debtors' transfer of the residence to the daughter "null and void as to Rino Gnesi Company, Inc." (Exh. No. 4.), voided the transfer only insofar as Gnesi Co.'s attachment was concerned. In addition, Connecticut case law has long held that a trial court may not reconvey ownership of fraudulently transferred property to the transferor. In *Doty v. Wheeler,* 120 Conn. 672, 679, 182 A. 468 (1936), the trial court, in a fraudulent conveyance action, had "set aside the conveyance entirely to the [transferee] and revested the title in the [transferor]." The Connecticut Supreme Court held that the form of the judgment was in error and had to be modified, ruling:

> Title gained by a fraudulent conveyance is valid as between the parties and is voidable at the suit of a creditor to the extent necessary to satisfy the amount due the creditor. It follows that there is error in the form of the judgment and

the judgment should be corrected setting aside the conveyance to [transferee] so far as it might operate to obstruct the plaintiff in the enforcement of his judgment.

*Id.* (citations omitted); *See also In re Cantrell,* 270 B.R. at 553 n. 5 ( "Under Connecticut law, a fraudulent transfer is valid and enforceable between the parties thereto.").

Finally, Connecticut's version of the Uniform Fraudulent Transfer Act is contained in Conn. Gen.Stat. §§ 52–552a through 52–552*l*. Conn. Gen.Stat. § 52–552h, titled "Remedies of Creditors," in pertinent part provides: "(a) In an action for relief against a transfer ... under sections 52–552a to 52–552*l*, inclusive, a creditor ... may obtain: (1) Avoidance of the transfer ... to the extent necessary to satisfy the creditor's claim...."

Having transferred title to the residence prepetition to the daughter, the debtors retained no ownership interest in the residence on the date of their bankruptcy petition. Title to the residence on that date was in the daughter, subject to Gnesi Co.'s attachment. In short, the residence, as of the bankruptcy petition date, was not property of the debtors, never became property of the debtors' joint bankruptcy estate, cannot be exempted under § 522(b), and Gnesi Co.'s attachment cannot be avoided pursuant to § 522(f)(1).

## V.

### CONCLUSION

In accordance with the foregoing discussion, the court concludes that Gnesi Co.'s objection to the debtors' motion to avoid the attachment of Gnesi Co. as impairing the debtors' homestead exemptions be sustained and the motion denied. It is

SO ORDERED.

*JUDGMENT*

The court, in a Memorandum of Decision of even date, having sustained the objection of Rino Gnesi Company, Inc. to the debtors' motion to avoid an attachment pursuant to § 522(f)(1) of the Bankruptcy Code, it is

ORDERED AND ADJUDGED that the debtors' motion be denied.