GEORGE GALLO vs. MARY DeMICHAEL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued. May 3d—decided June 5th, 1934.

Samuel E. Hoyt and Irving Sweedler, for the appellant (defendant).

Lawrence L. Lewis, for the appellee (plaintiff).

HINMAN, J. The complaint alleged, in substance, that the plaintiff transferred to the defendant certain money and other personal property under an agreement that the defendant should hold it for the plaintiff and return it upon request; that the plaintiff has requested such return but the defendant refused. The answer was a general denial.

The finding as to the subordinate facts is not attacked and amply supports the questioned conclusions that the property was placed in the defendant's possession under an agreement to the effect alleged in the complaint, and was not a gift as the defendant claimed. A further conclusion of fact is that the plaintiff so transferred his property for the purpose of avoiding an apprehended attachment of it in a tort action. The appellant assigns error in the trial court's conclusion of law that this purpose of the transfer does not preclude the plaintiff from a recovery, her claim being that while a transfer of property to hinder or

defraud creditors is valid as between the parties, an agreement to return it is not binding upon the transferee.

Proof of a fraudulent purpose of the agreement was not a part of the plaintiff's case, but was a matter of defense. Technically it was not available under a general denial but should have been specially pleaded; Practice Book, p. 290, § 200; that, notwithstanding, it was permitted to be interjected by the defendant, does not change its nature as an affirmative defense. This being so, the appellant's present contention may not prevail. The plaintiff is not seeking to set aside or reform a contract or otherwise effectuate a resulting trust in respect to property transferred with intent to defraud his creditors, but to enforce an agreement to return it. This is not a situation where a plaintiff relies upon a fraudulent element to establish a different contract from that which the parties have expressed and in which participation in the fraud disqualifies him from a resort to equity. *Nichols* v. *McCarthy,* 53 Conn. 299, 23 Atl. 93; *Brown* v. *Brown,* 66 Conn. 493, 34 Atl. 490; *Barnes* v. *Starr,* 64 Conn. 136, 28 Atl. 980. The applicable rule is the distinct but consistent one that while a grantor or transferor may not utilize his own fraudulent purpose in order to avoid a contract, valid between the parties although it involves fraud upon third parties, the grantee or transferee will not be permitted to avail of the fraud, in which he participated, for the purpose of avoiding the obligations of that contract. *Bouton* v. *Beers,* 78 Conn. 414, 416, 62 Atl. 619; *Gest* v. *Gest,* 117 Conn. 289, 298, 167 Atl. 909.

Proof that the plaintiff permitted the defendant to use, from money turned over to her by him, $1666.67, to purchase a share in certain real estate, involved no material variance from the allegations of the com-

plaint, which were to the effect that all of the plaintiff's money was transferred to the defendant under an agreement to return it on request.

There is no error.

In this opinion the other judges concurred.