## GEORGE GALLO
### vs.
## MARY DEMICHAEL, ET AL.

Superior Court  New Haven County  File #11194
(At Waterbury)

Present: Hon. ALFRED C. BALDWIN, Judge.

Bronson, Lewis & Bronson,  Attorneys for the Plaintiff.

Samuel E. Hoyt,  Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 26, 1935.**

BALDWIN, J. On the 14th day of June, 1933, the plaintiff obtained a judgment in the Court of Common Pleas for the judicial District of Waterbury, against the defendant, Mary DeMichael, for the sum of $4,483.21 damages and $92.55 costs. The case went to the Supreme Court of Errors by appeal and the judgment was confirmed by the court June 5th, 1934. **Gallo vs. DeMichael, 118 Conn. 487. 172 Atl. 922.**

An execution having been issued and returned wholly unsatisfied by the Deputy Sheriff to whom it was given for service, plaintiff, on August 15, 1934, caused a certificate of judgment lien upon four pieces of property located in New Haven, and described in the substituted complaint, to be recorded in Vol. 1313 at page 377 of the land records of New Haven.

The property described was attached as the property of Mary DeMichael in the original action on the 18th day of February, 1932. Before the original action was brought, viz., on February 16th, 1932, plaintiff, with his attorney, called at the home of the defendant Mary DeMichael, in an effort to secure a settlement of the claim upon which his original

action was brought. Mary DeMichael was upstairs; she claims to have been ill. Plaintiff proceeded upstairs to interview Mary (who is his niece) about his claim, leaving his counsel downstairs.

Plaintiff succeeded in introducing to Mary the object of his interview, and that is as far as he was able to discuss the matter, since Mary, with language more forceful than elegant, and mien, not dissimilar to her language, ordered plaintiff from her house, which order, without unnecessary delay in deciding discretion was the better part of valor, plaintiff being much lighter in weight and smaller in size than Mary, he put into execution by making a most hasty retreat down the stairs, books, shoes and bad language, all from Mary, following him. When he reached the downstairs floor his counsel joined him in retreat.

Next day, February 17th, 1932, Mary executed deeds conveying her interest in the premises, described in the second count of the complaint, to her two sisters, the other defendants in the case, and the next day, February 18th, 1932, plaintiff brought his original action and attached these premises.

Mary's conveyance to her sisters was without consideration, she claims conveyance was made in the fear of her impending death because of her then present sickness. Plaintiff claims her conveyance was made to defeat a recovery by him upon his claim and was therefore fraudulent and void.

Although Mary recovered from her claimed illness and has now continued to survive for a period of nearly four years, and appears to have quite some years of expectancy, she has not asked her sisters to re-convey. Upon the other hand, she has continued to use, occupy and enjoy the property and all income therefrom and pay the taxes and all bills connected therewith as before the conveyance.

The conveyance of these properties was by two quit-claim deeds, both executed and filed for record on that day. The deed conveying the first piece described in the second count is recorded in **Vol. 1280 at page 40,** and the deed conveying the second piece described in the second count is recorded in **Vol. 1269 at page 212 of the New Haven Land Records.**

These deeds were executed by the defendant, Mary DeMichael, with the intent to cheat and defraud the plaintiff who claims in his prayers for relief that they be set aside and

declared null and void.

Judgment may be entered against all defendants declaring the two deeds referred to null and void and setting them aside.

Plaintiff also claims a foreclosure of his judgment lien. His debt, with interest to this date, amounts to $5,248.40.

Judgment of foreclosure may be entered for the plaintiff and against the defendant, Mary DeMichael.

The law day for the defendant Mary DeMichael to redeem may be January 6, 1936.