[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISQUALIFY (#109)
On October 5, 1990, the plaintiff, Charles Flanagan, filed a complaint against defendants, Robert J. Kohary, William E. Mansfield and Alton E. Kirker, Jr., to recover an earnest money deposit in the amount of $25,000.00 regarding a real estate transaction. The plaintiff alleges that he agreed to purchase property from the defendants, as sellers, but was unable to obtain financing; and therefore, the plaintiff alleges he exercised his mortgage contingency and declared the contract null and void.
On November 19, 1990, the plaintiff filed a motion to disqualify Benson A. Snaider from acting as defense counsel in the present case. The plaintiff claims, in support of his motion to disqualify, that defense counsel Snaider acted as attorney for the CT Page 2077 defendant sellers in negotiating the purchase and sale agreement with plaintiff and plaintiff's former counsel, Jonathan J. Einhorn. The plaintiff also claims that defense counsel Snaider is holding in escrow the deposit monies, the subject of the present suit, until a resolution of this dispute. The plaintiff argues that defense counsel Snaider will be a necessary witness to this proceeding and required to testify to substantive issues which would be highly prejudicial to the plaintiff's case. Specifically, the plaintiff argues that defense counsel Snaider will be required to testify about the following substantive issues:
 1. Issues of the receipt of notice and plaintiff's intent to cancel the contract and/or plaintiff's intent to extend the mortgage contingency date which were, for the most part, directed to defense counsel Snaider; and
 2. Issues of conversations between Attorney Einhorn and defense counsel Snaider which would be relevant to this dispute.
The plaintiff has attached to his motion to disqualify a letter, Exhibit A, in which plaintiff's current counsel notified defense counsel Snaider of his intent to call him as a witness. The plaintiff cites Conn. Practice Bk. Rules of Professional Conduct, Rule 3.7(a) as prohibiting a lawyer who is an advocate at a trial to be a necessary witness.
The plaintiff set forth his arguments in support of the motion to disqualify in the motion itself and the letter of intent to call defense counsel as the only documentary evidence in support of this motion. No memorandum of law in opposition to this motion by the defendants appears in the file.
"The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court." State v. Jones, 180 Conn. 443, 448 (1980), appeal after remand,193 Conn. 70 (1984). Attorney conduct is also regulated by the Conn. Practice Bk. Rules of Professional Conduct, Rules 1.1-8.5 which were approved by the judges of the Superior Court in October 1986. The Superior Court has a duty to enforce those rules. See e.g., State v. Jones, 180 Conn. at 448 (referring to the Code of Professional Responsibility and Canons of Ethics, the predecessors of the current rules). Regarding this matter, the Superior Court has broad discretionary power in ruling upon a motion to disqualify. State v. Jones, 180 Conn. at 448.
Rule 3. 7, Lawyer As Witness, of the Rules of Professional CT Page 2078 Conduct provides in pertinent part:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
 (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client.
The official comment to Rule 3.7 states that the opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.
 An attorney is not absolutely prohibited from testifying on behalf of a client, but should only do so when the testimony concerns a formal matter, or the need for the testimony arises from an exigency not reasonably foreseeable. . . . Where, however, an attorney does not withdraw, a court exercising its supervisory power can enforce the mandate of [Rule 3.7] and disqualify the attorney.
(Citations omitted). Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 376 (1984).
 Whether a witness `ought' to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding or necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence.
Tropical Suntan Centers, Inc. v. Salvati, 1 CTLR 497, 498 (April 12, 1990, Meadow, J.), quoting S S Hotel Ventures Limited Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46 (1987), see also Keoseian v. Von Kaulbach, 707 F. Supp. 50, 154 (S.D.N Y 1989). In Tropical Suntan Centers, the Superior Court held that the defendant had failed to satisfy his burden of proof upon his motion to disqualify opposing counsel. Tropical Suntan Centers, 1 CT Page 2079 CTLR at 498. In the later Superior Court case of DeMarco v. Fire Command, Inc., 2 CTLR 101 (July 27, 1990, Downey, J.), the court also addressed the issue of whether a party attorney could testify as a witness. The court in DeMarco denied the plaintiff's motion to disqualify opposing counsel on the ground that the plaintiff failed to show that opposing counsel's testimony would be "genuinely needed." DeMarco, 2 CTLR at 102, citing Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 248-49. The court stated that the mere statement that the attorney "will be a necessary party witness" did not support this motion. Id.
The court has the discretion whether or not to disqualify defense counsel Snaider in the present case. In ruling upon this motion, must consider the significance of the matters, the weight of the testimony, and the availability of other evidence.
The plaintiff has failed to provide the court with sufficient evidence to satisfy his burden of persuasion that defense counsel should be disqualified. Accordingly the motion is denied.
Donald T. Dorsey, Judge.