The plaintiff administratrix instituted the present action to recover damages for personal injuries and death sustained by her decedent when the vehicle in which the decedent was a passenger, was involved in an accident. Suit has been brought against various parties including Anthony DeVito, Jr. and Susan DeVito, d/b/a Three D's Cafe. ("The Defendants"). The allegations of the complaint concern the defendants' involvement in the furnishing of liquor to the operator of the vehicle in which the plaintiff's decedent was a passenger. The First Count of the complaint is based upon a claim of negligence; the Second Count of the complaint is based upon a claim of wanton and reckless conduct; and the Third Count of the complaint is based upon the Dram Shop Act (General Statutes 30-102)
Defendant has pleaded various special defenses to the respective counts all of which deal with conduct of the plaintiff's decedent in encouraging, facilitating or participating in the consumption of alcohol by the operator of the vehicle. In some of the special defenses the defendant claims that the plaintiff's decedent assumed the risks of riding with the operator of the vehicle. The plaintiff has now moved to strike the special defenses as hereinafter set forth, on the grounds that they are legally insufficient defenses to the causes of action alleged.
The First Special Defense to the First and Second Counts, while not denominated as such, alleges essentially negligent CT Page 5329 behavior. While the Motion to Strike seeks to dismiss the First Special Defense (negligence) as not being a sufficient defense to the First Count (negligence) that claim is not briefed by the plaintiff. However, it appears that the First Special Defense to the First Count simply sets up a claim of negligence on the part of the decedent in response to a cause of action brought in negligence. Accordingly, the Motion to Strike the First special Defense to the First Count is denied.
The First Special Defense (negligence) is alleged as a defense to the Second Count which alleges wanton and reckless behavior. At common law, contributory negligence was not a defense to a cause of action alleging wanton and reckless misconduct. Belanger v. Village Pub I, Inc., 26 Conn. App. 509, 513 (1992). Accordingly, the Motion to Strike the First Special Defense (negligence), to the Second Count (recklessness) is granted.
The defendant has also alleged a Second Special Defense alleging assumption of risk, to the First and Second Counts (negligence and recklessness). General Statutes 52-572 (h)1 abolished the defense of assumption of risk in negligence actions. However, the factors relevant to the assumption of risk doctrine may be considered by the trier of fact as bearing upon the issue of comparative negligence. Accordingly, as long as the jury is properly instructed concerning the doctrine of comparative negligence, conduct may be weighed by the trier of fact in determining the propriety and the totality of the plaintiff's conduct in relation to that of the defendant. Wendland v. Ridgefield Construction Service, Inc., 190 Conn. 791, 797-798 (1983); Kraus v. Newton,14 Conn. App. 561, 569-570 (1988). The conduct alleged in the Second Special defense to the First Count may be considered by the jury and the Motion to Strike that Special Defense is denied.
The claim of assumption of risk is set forth in the Second Special Defense as being applicable to the conduct alleged in the Second Count (recklessness). Contributory recklessness would constitute a defense to an action based on recklessness. Wright v. Fitzgarald AnRenman, Conn. Law of Torts (3rd Ed) 62. Wanton, willful or reckless conduct by the plaintiff's decedent which naturally increased the probability of injury and contributed thereto would be admissible under the pleadings and would constitute a defense to the claim of recklessness. See, Murphy v. Ossola, 124 Conn. 366, 372 (1930). Therefore, the Motion to Strike the Second Special Defense to the Second Count is denied. The motion to strike the Second Special Defense alleging negligence as a defense to the Third Count which alleges a Dram Shop claim is granted. Sanders v. Officers Club of Connecticut, Inc.,196 Conn. 341, 352 (1985).
The defendant also asserts a Second Special Defense, (assumption CT Page 5330 of risk) to the Third Count alleging a Dram Shop claim. In Sanders, supra at 352-353, the court found no error in the striking (after the presentation of evidence) of a Special Defense of assumption of risk to a Dram Shop claim on the basis that there was no evidence to indicate an awareness by the plaintiff of the intoxicated condition of the driver of the car that struck him. However, in so holding the court stated, at 353:
 "Assuming, without deciding, that under some circumstances a plaintiff can be held to have assumed a risk which has its basis in the violation of a statutory requirement enacted for his protection; but see, L'Heureux v. Hurley, 117 Conn. 347, 357, 168 A. 8 (1933); that issue is not presented in this case."
Accordingly, it does not seem appropriate to strike the Special Defense, alleging assumption of risk, to the Third Count alleging a Dram Shop claim and therefore, the Motion to Strike the Second Special Defense to the Third Count is denied.