[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: PLAINTIFF'S MOTION TO STRIKE
In this action for injuries sustained as a result of a motor vehicle accident, the plaintiffs have moved to strike the defendant's first special defense which states as follows:
 Pursuant to section 52-572h and 52-225a of the Connecticut General Statutes, the defendant claims all applicable set-offs, credits, allocations and contributions.
CT Page 729
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). "The legal sufficiency of a special defense may be determined by reference to Section 164 of the Practice Book, which provides that `[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged.'" Daniel v. Martinczak, 5 CTLR 429, 430 (February 3, 1992, Schaller, J.). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
The plaintiffs argue that General Statutes section 52-225a
expressly prohibits the introduction of evidence of collateral sources prior to the rendering of the verdict. In response, the defendant argues that Practice Book section 168 provides that setoffs may be pleaded as a special defense, and that General Statutes52-225a does not prohibit the introduction of evidence of collateral sources by way of a special defense.
Practice Book section 168 provides that:
 In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of setoff, against the plaintiff's demand, he may have the benefit of any such setoff of counterclaim by pleading the same as such in his answer, and demanding judgment accordingly; and the same shall be pleaded and replied to according to the rules governing complaints and answers.
In Sabol v. Mancini, 2 Conn. L. Rptr. 23, 24 (July 30, 1990, Kulawicz, J.) and Rosiello v. Ladden, 2 Conn. L. Rptr. 179, 183 (September 3, 1990, Santos, J.) the courts held that a collateral CT Page 730 source payment as defined in General Statutes section 52-225b does not constitute a setoff. A setoff has been defined as a "claim by a defendant against a plaintiff on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206,211, 33 A.2d 126 (1943). A setoff has also been defined as "a counterclaim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action." Daniels v. Martinczak, supra, 430 quoting Black's Law Dictionary, (5th ed., 1979). Setoff must be specially pleaded. Practice Book section 168; Peters Production, Inc. v. Dawson,182 Conn. 526, 438 A.2d 747 (1980); Colonial Bank Trust Co. v. Matoff,18 Conn. App. 20, 29, 556 A.2d 619 (1989). In contrast, General Statutes section 52-225b defines a collateral source as:
 . . . any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, any other similar insurance benefits except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. "Collateral sources" do not include amounts received by a claimant as a settlement.
The defendant's first special defense seeks a collateral source reduction pursuant to section 52-225a and 52-572 (h), and does not assert a counterclaim or a demand "on a debt independent of the action sued upon." Thus the defendant's first special defense does not constitute a setoff as defined by Practice Book section 168.
In addition, the defendant seeks to plead collateral source reduction as a special defense. "A special defense to a complaint is raised for the purpose of offering evidence at the time of trial and is unnecessary to obtain the benefits allowed by section 52-225a." Whitely v. Sebas, 3 Conn. L. Rptr. 288, 289 (March 18, 1991, Fuller, J.). "Pleading of collateral sources does not narrow the issues between the parties, but solely addresses the judgment to be satisfied." (Citation omitted). Derdiarian v. Clinton, 3 Conn. L. Rptr. 299, 300 (March 18, 1991, Ryan, J.) A collateral source reduction under section 52-225a "is undertaken only after damages are awarded by the trier of fact on the basis of evidence which is `totally outside the scope of trial and would be inadmissible there.'" Daniels v. Martinczak, supra, 430, quoting Zagaja v. Guerrera, 1 Conn. L. Rptr. CT Page 731 401 (March 23, 1990, Maloney, J.). Because section 52-225a
"imposes on the court the affirmative responsibility of taking evidence and making the required reduction in damages after the verdict;" Zagaja, supra, 402; and because a collateral source reduction "is not a matter to be tried to the jury or a matter to be raised at trial, it is unnecessary for [the defendant] to affirmatively plead the same." Rosiello v. Ladden, supra, 242. Thus, a reduction of damages due to collateral source payments is not properly asserted as a special defense because "[t]his fact, construed in defendant's favor, fails to show that the plaintiff has no cause of action." Daniels v. Martinczak, supra, 430; Accord, Patel v. W. F. Painting, Inc., 5 CTLR 429 (February 3, 1992, Mihalakos, J.); Saladino v. Barry, 5 CTLR 405 (January 27, 1992, Rush, J.); Derdiarian v. Clinton, supra, 300; Whitely v. Sebas, supra, 289; Schon v. Schweitzer, 3 Conn. L. Rptr. 8 (December 5, 1990, Corrigan, J.); Finnegan v. Fazo, 2 Conn. L. Rptr. 761, (October 31, 1990, Allen, J.); Rosiello v. Ladden, supra, 238; Zujewski v. Allen,2 Conn. L Rptr. 92 (July 16, 1990, Fuller, J.); Sabol v. Mancini, supra, 23; Vining v. Capone, 1 Conn. L. Rptr. 499
(April 12, 1990, Meadow, J.); Zagaja v. Guerrera, supra, 401; Wiggins v. Johnson, 1 Conn. L. Rptr. 228
(January 25, 1990, Corrigan, J.). Contra, Hoffman, v. Hada,4 CTLR 156 (June 17, 1991, Flynn, J.); Krug v. Budney, 1 Conn. L. Rptr. 207
(February 26, 1990, Allen, J.); Jandzinska v. Fournier, 4 CSCR 819
(November 27, 1989, Schaller, J.), Bakula v. Bell Helmets, Inc.,3 CSCR 81 (November 24, 1987, Pickett, J.). These cases hold that, simply because a collateral source reduction is alleged as a special defense does not necessarily mean that the special defense must be submitted to the jury. Thus, the plaintiff will not be prejudiced if this evidence is not presented to the jury.).
Therefore, the plaintiffs' motion to strike the defendant's first special defense, which seeks a collateral source reduction, is granted as the facts provable thereunder fail to show that the plaintiffs' have no cause of action.
Leheny, J.