[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 20, 1993, the defendant filed a motion to disqualify the law firm retained by the plaintiff on the ground that an attorney in the law firm would be called as a witness in a trial between plaintiff and defendant.
The lawsuit between the plaintiff and the defendant involves the foreclosure of a promissory note given to the plaintiff by the defendant as part of a real estate transaction. After the defendant allegedly missed a payment of the note, the plaintiff began foreclosure proceedings on June 19, 1986.
In regard to the transaction and subsequent foreclosure litigation, the plaintiff was represented by John Sluis, a member of the firm which is now called Carta, Sluis and Paladino. In response to the foreclosure, the defendant filed a counterclaim alleging tortious breach of an implied covenant of good faith and fair dealing. Specifically, the counterclaim revolves around allegations that Attorney Sluis did not advise the plaintiff that there was any option other than acceleration, default and foreclosure of the note after the defendant allegedly missed a payment. The defendant alleges further that Attorney Sluis pursued foreclosure in violation of the defendant's rights in order to insure payment and collection of his attorney's fees from the foreclosure proceeds. In regard to Attorney Sluis' actions, CT Page 2253 the defendant deposed Attorney Sluis by interrogatories and intends to call Attorney Sluis at the trial between the plaintiff and the defendant regarding the foreclosure and counterclaim. According to the defendant, Attorney Sluis' testimony will revolve around alleged inconsistencies between his deposition and the deposition of the plaintiff. Another attorney in Attorney Sluis' firm will conduct the trial and Attorney Sluis will not act as trial counsel. The trial is scheduled for March 22, 1993.
DISCUSSION
The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. Heiberger v. Clark, 148 Conn. 177,191, 169 A.2d 652 (1961); General Statutes 51-80 and 51-84. Attorney conduct is also regulated by the Rules of Professional Conduct as set forth in the Practice Book. Flanagan v. Kohary, 6 CSCR 391 (March 18, 1991, Dorsey, J.) In the execution of its duty to regulate attorneys, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified. State v. Jones,180 Conn. 443, 448, 429 A.2d 936 (1980).
Under Rule 3.7(b) of the Rules of Professional Conduct:
 A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.
The purpose of Rule 3.7 is to disqualify an attorney where his role as trial counsel and his membership in the same firm as a witness creates an improper conflict with respect to his client. Lubesky v. Warden, State Prison, 3 CSCR 118
(December 1, 1987, Mack, J.).
Rule 1.9 pertains to conflicts of interest regarding former clients and is not relevant to the facts at bar. Rule 1.7 states, in pertinent part, that:
 A lawyer shall not represent a client if their representation of the client may be CT Page 2254 materially limited by the lawyer's responsibilities to another client or a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation.
In the instant case, the client has consented to Carta, Sluis and Paladino's continued representation. As to whether the trial counsel reasonably believes his representation will not be affected by a possible conflict of interest regarding the testimony of a partner in his firm, this question is primarily the responsibility of the trial counsel undertaking the representation. See Practice Book Rules of Professional Conduct, Rule 3.7, comment. While an opposing party can raise an objection to possible conflicts of interest, "such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." Id.
There is no indication from the facts that the trial counsel's continued representation involves a prohibited transaction as set forth in Rule 1.8, nor does it involve any other conflict situation enumerated in the code. It is conceded that the comment to Rule 3.7 specifically states that an improper conflict exists where there is a substantial conflict between the testimony of the client and that of the lawyer. The defendant has alleged that there are inconsistencies between the testimony of the plaintiff and that of Attorney Sluis. However, the potential for conflicts does not outweigh the hardship to the plaintiff that would be caused by disqualifying its counsel within five weeks of the start of a trial when said counsel has been representing the plaintiff for over six years regarding the subject of this litigation.
Therefore, the court hereby denies defendant's motion to disqualify plaintiff's counsel.
Hurley, J. CT Page 2255