[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ronald N. Johnpiere, filed a two count amended complaint against the defendants Suzanne T. Bendler and Andrew D. Sabetta, Administrator of the Estate of Irene D. Hardaswick, in which he alleges the following facts: On July 14, 1991, the plaintiff, a passenger in a vehicle driven by a drunk driver, Kristen Bronick, was injured when the vehicle hit another vehicle head-on. Bronick was served alcohol prior to the accident by the employees at the Old Toll Gate Hill Inn. Suzanne Bendler was the permittee of the Old Toll Gate Hill Inn, and the decedent Hardaswick was the permittee and/or owner. In the first count, the plaintiff alleges that the defendants violated General Statutes 301-02, the Dram Shop Act. In the second count, the plaintiff alleges that the defendants recklessly served Bronick alcohol.
The defendant Sabetta filed an answer and special defenses. As to the first count, Sabetta alleges participation, assumption of the risk, and the statute of limitations. As to the second count, Sabetta alleges participation and assumption of the risk.
The plaintiff has filed a motion to strike the defenses of participation and assumption of the risk as to the first count on the ground that these defenses are not recognized.
A motion to strike tests the legal sufficiency of a special defense. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The special defense must be construed in the light most CT Page 4146 favorable to the nonmovant. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). If the facts alleged support a defense, then the motion to strike must be denied. Ferryman v. Groton, supra.
 I.
The appellate courts have not addressed whether participation and assumption of the risk are valid defenses to a claim under the Dram Shop Act. Cleary v. Monahan's Shamrock10 Conn. L. Rptr. 95, 96 (September 7, 1993, Zoarski, J.). Even though the majority of superior court cases allow the defenses, the most recent trend in the superior court has been to disallow both defenses. See Id., 97, citing Davilla v. Casper,6 Conn. L. Rptr. 524 (June 8, 1992, Melville, J.), see also Lepore v. Lavigne, 6 Conn. L. Rptr. 46 (February 6, 1992, Hennessey, J.); Benton v. Munn, 5 Conn. L. Rptr. 98, 99 (October 1, 1991, Dunn, J.).
The superior court cases are split as to whether the defense of participation is a valid defense to a claim under the Dram Shop Act. Cleary v. Monahan's Shamrock, supra, 96. The recent trend is to disallow the defense; id., 97; however, the majority of the superior court cases have allowed the defense of participation. Archambault v. Pascual, 3 Conn. L. Rptr, 36 (December 19, 1990, McDonald, J.), citing DiGhello v. The Dean's Office Cafe, 4 CSCR 134 (December 21, 1988, Reynolds, J.); Chacho v. Darst, 1 CSCR 122 (January 31, 1986, Curran, J.); Cookinham v. Sullivan, 23 Conn. Sup. 193, 179 A.2d 840 (Super. Ct. 1962).
In allowing the defense of participation, the court has remarked that "`[i]t cannot be said that the [Dram Shop Act] . . . contemplates giving a remedy to one who joins and participates in and contributes to the violation of [the Act].'" Cleary v. Monahan's Shamrock, supra, 96, quoting Cookinham v. Sullivan, supra, 196.
In cases which have not allowed the participation defense, the court has reasoned that:
 "the legislature has determined that a vendor of liquor should bear the loss for damages to third persons as a result of sales [of liquor] to intoxicated persons. . . . The legislature made such a CT Page 4147 determination to deter a vendor from selling liquor to those who are intoxicated. To allow a defense of `participation' by a vendor would defeat by judicial amendment this legislative purpose in enacting the statute."
Id., 96, quoting Passini v. Decker, 39 Conn. Sup. 20, 24-25,467 A.2d 442 (Super.Ct. 1983); see also Penn v. Laboy,2 Conn. L. Rptr. 165, 166-67 (July 30, 1990, Axelrod, J.).
This court has previously allowed the defense of participation where there was an allegation that the plaintiff had himself provided alcohol to a drunk driver. See Archambault v. Pascual, supra. 27. Accordingly, the plaintiff's motion to strike the defendant Sabaetta's [Sabetta's] defense of participation should be and is denied.
 II.
There is also a split in the superior court as to whether assumption of the risk is a defense to a Dram Shop claim. Cleary v. Monahan's Shamrock, supra, 96. In cases allowing the defense, the court finds "that the Dram Shop Act is primarily remedial in nature, and is intended to limit recovery to innocent third party victims." Lepore v. Lavigne, supra 47, citing Chacho v. Darst, supra.
"[C]ases which have disallowed the defense of assumption of the risk rely on L'Heureux v. Hurley, 117 Conn. 347, [356-58,]168 A. 8 (1933) [(considering a statute that required lighting in halls in tenement houses)], wherein the court held that assumption of the risk is not a defense to an action based on statutory violation when the statute was enacted to create an obligation to the public at large." Id., 97; see also Archambault v. Pascual, supra, 37. The Dram Shop Act creates a statutory cause of action that protects the public at large. Passini v. Decker, supra, 26; see also Sanders v. Officers Club of Connecticut, Inc., 196 Conn. 341, 353, 493 A.2d 184 (1985). This court, has previously followed the authority of L'Heureux v. Hurley, supra, and found that the defense of assumption of the risk is not available in a Dram Shop action. Archambault v. Pascual, supra, 37.
Accordingly, the court strikes the defendant Sabetta's special defense of assumption of the risk. CT Page 4148
McDONALD, J.