[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Piazza, Melmed, Canner Berkowitz for plaintiff.
Gordon, Muir Foley for defendant.
This case is before the court on plaintiffs' motion to strike the first, second and fourth special defenses of the defendants on the ground that the special defenses are legally insufficient.
The plaintiffs, Frederick R. Sego, Sr. and Velma Sego, as administrator and administratrix of the Estate of Francis Sego, have filed a three-count Second Amended Complaint against the defendants Debco, Inc. and Deborah McGee. The first count alleges a cause of action pursuant to the Dram Shop Act under § 30-102 of the Connecticut General Statutes. The second and third counts sound in recklessness against Debco, Inc. and Deborah McGee, respectively.
Plaintiffs' decedent was a passenger in an automobile driven by William T. [J.] Jordan which went off the road and collided with a telephone pole. Plaintiffs' claim that prior to the accident Jordan had been drinking alcoholic beverages at Club 127, a restaurant operated by the defendants. The defendants claim that plaintiffs' CT Page 8962 decedent was with Jordan at Club 127 and, in the company of others, participated in the consumption of alcohol, "contributed to the supplying of alcohol to Mr. Jordan, facilitated and encouraged the intoxication of Mr. Jordan and voluntarily subjected himself to the risks involved."
In their first special defense the defendants allege assumption of the risk as to all three counts of the complaint. The second special defense involves the doctrine of participation or the so-called "innocent victim" defense as to all three counts. The fourth special defense claims the right to set-off against the plaintiffs as to "any amounts received by them by way of payments by or on behalf of, or judgment against said William J. Jordan or James Jordan."
The purpose of a motion to strike "is to test the legal sufficiency of a pleading. . . ." Ferryman v. Groton, 212 Conn. 138,142, 516 A.2d 343 (1989). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court must construe special defenses "in the manner most favorable to sustaining [their] legal sufficiency." Bouchard v. People's Bank,219 Conn. 465, 471, 594 A.2d I. (1991).
The plaintiffs argue that the first special defense should be stricken because the defense of assumption of the risk has been abolished in this State. Furthermore, they claim that the defense of assumption of risk should not apply to violations of the Dram Shop Act since the statute was enacted to protect the public at large. They argue as well that the defense is inapplicable to claims of willful, wanton and reckless misconduct.
The defendants argue that the first special defense is legally sufficient since the majority of Superior Court Judges in Connecticut considering the question have held that assumption of the risk is a valid defense to both Dram Shop and reckless and wanton misconduct claims. The Connecticut Dram Shop Act states, in relevant part as follows:
 "[I]f any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller CT Page 8963 shall pay just damages, to the person injured. . . ." General Statutes § 30-102.
"This imposes strict liability on a vendor who sells alcohol to an intoxicated person." Chaco v. Darst, CSCR 122 (January 31, 1986, Curran, J.).
The Appellate Courts have not addressed the question of whether assumption of risk is a valid defense to a claim under the Dram Shop Act. See JohnPiere v. Bendler, Superior Court, Judicial District of Waterbury, D.N. 110371 (April 21, 1994, McDonald, J.). The controversy centers on whether the Dram Shop Act was intended to protect the "public at large" or just "innocent third parties". The court in Sanders v. Officers Club of Connecticut, Inc.,35 Conn. Sup. 91, 95 (Super.Ct. 1978), aff'd. 196 Conn. 341 (1985), stated: "It appears that such a defense is proper within the boundaries of voluntarily and willingly assuming the risk of another's intoxication, for example by accepting a ride from one known by the plaintiff to be drunk." Of similar note is Gelosa v.Sagan, 1 Conn. L. Rptr. 141, 143 (January 3, 1990, Mulcahy, J.) where the court opined: "Since the statute is primarily remedial in nature, and apparently intended to limit recovery to innocent third party victims, the defense [of assumption of the risk] bars recovery in a Dram Shop action where the plaintiff comprehended the risk of harm and voluntarily subjected [him]self to it." Gelosa v.Sagan, supra. See also Tarver v. DeVito, 7 CSCR 843 (June 25, 1992).
The court agrees with the reasoning of the decisions cited above and therefore denies plaintiff's motion to strike the defense of assumption of the risk to count one of the complaint, the Dram Shop count.
With respect to assumption of risk as a defense to counts two and three of the complaint sounding in recklessness, this court is inclined to follow Rush, J. who in Tarver v. DeVito, supra denied a plaintiff's motion to strike the defendant's defense of assumption of the risk to a claim of recklessness:
 "Wanton, willful or reckless conduct by the plaintiff's decedent which naturally increased the probability of injury and contributed thereto would be admissible under the pleadings and would constitute a defense to the claim of recklessness." Id., citing Murphy v. Ossola, 124 Conn. 366, 372 (1930). CT Page 8964
Defendants contend that plaintiff's decedent voluntarily subjected himself to the risks involved in riding as a passenger in Jordan's auto knowing that he was intoxicated. Such an act in the eyes of a trier might be held to constitute wanton, willful or reckless conduct increasing the probability of injury and supporting a defense of assumption of the risk to a claim of recklessness as against the defendants.
Therefore, plaintiff's motion to strike the defense of assumption of the risk to the second and third counts of the complaint sounding in recklessness is denied.
Defendants' second special defense directed at all three counts of the complaint invokes the doctrine of participation which by its nature sounds like a "clean hands" or "innocent victim" defense. The participation defense apparently has evolved fromCookinham v. Sullivan, 23 Conn. 193 (1962) where it was stated: "[i]t cannot be said the statute [Section 30-102] contemplates giving a remedy to one who joins and participates in and contributes to the violation of it." Since Cookinham, a minority number of cases have held that the participation defense, as well as the assumption of the risk defense, do not constitute legally sufficient defenses to § 30-102 causes of action. See Passini v.Decker, 39 Conn. Sup. 20 (1983). The cases which have not allowed the participation defense have argued that the statute remedy should not be limited to innocent third parties, but extend to protect the public at large. See Horak v. Parker, et al, 15 CLT No. 48 (1989); Johnson v. Graco, 11 CLT No. 41 (1985); Davis v. Yost, 6 CLT No. 38 (1980).
Those cases in the majority reason that the statute is essentially "a remedial enactment intended to limit recovery to innocent third party victims." Gelosa v. Sagan, supra. SeeDiGhello v. The Deans Office Cafe, 15 CLT No. 8 (1988);Barney v. Russell, 3 CSCR 597 (1988); Hoffman v. Reed, 3 CSCR 172
(1988); Jepson v. Highway Cafe, 13 CLT No. 14 (1987). As did Judge Fuller in Gelosa, this court agrees with the position advanced by the majority of Superior Court decisions holding that the statute is remedial in nature and therefore available only to "innocent third party victims". Therefore, the defense of participation should bar recovery in a Dram Shop action where the plaintiff knew or should have known of the risk of harm presented and voluntarily subjected himself to it. It should also be available as a defense to a claim of willful, wanton and reckless misconduct. CT Page 8965
Therefore, plaintiffs' motion to strike defendants' second special defense is denied.
Defendants' fourth special defense purports to be a claim for set-off with respect to "any amounts said plaintiffs have received or may receive byway of payments by or on behalf of, or judgments against said William J. Jordan or James Jordan."
A set-off has been defined as "a claim by a defendant against a plaintiff on a debt independent of the action sued upon." Kellyv. Reynolds, 8 CSCR 129 (January 5, 1993, Leheny, J.), citingSavings Bank of New London v. Santaniello, 130 Conn. 206, 211,33 A.2d 126 (1943). "In addition to arising from facts independent of the plaintiff's claims or cause of action. . . . a set-off involves rights and liabilities as between the plaintiff and defendant, and does not involve rights and liabilities as between a plaintiff or defendant and a third party." Daniels v. Martinczak,5 Conn. L. Rptr. 429, 430 (January 10, 1992, Schaller, J.).
Since the amount to be set off according to defendants' special defense derives from a third party, i.e. Jordan, it does not "involve rights and liabilities as between the plaintiffs and defendants." It is, therefore, a collateral source payment received or to be received from a third party and not suitable for a setoff. This court has previously held that "the court has the affirmative duty after verdict to deduct the amount of collateral source payments received by a plaintiff from the award of economic damages made by the trier. Wanciak v. Yale, Superior Court, J.D. of Ansonia/Milford (July 15, 1994, Skolnick, J.). Thus, nothing is gained by the defendant specially pleading the existence of such payments, nor would a charge by the court on such a special defense be appropriate.
For the above reasons, the plaintiffs' motion to strike the fourth special defense of the defendants is granted.
SKOLNICK, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 8982