[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff initiated this action on March 3, 1994, alleging damages sustained as a result of an automobile accident that occurred on November 4, 1992. The plaintiff alleges that he was pulling into an intersection when his vehicle stalled and was struck on the driver's side by the defendant's vehicle, which was also entering the intersection. The first count of the plaintiff's complaint sounds in negligence; the second count sounds in recklessness.
The defendant filed an answer and a special defense applicable to both counts, asserting comparative negligence based on the plaintiff's alleged negligent conduct in the operation of his vehicle and factors constituting assumption of the risk. On June 6, 1994, the plaintiff filed a request to revise, requesting that the defendant separate out the allegations of comparative negligence based on negligence and those based on assumption of the risk. The court (Sullivan, J.) overruled the defendant's objection to the request to revise. Accordingly, the defendant filed an amended answer and four special defenses. The first special defense, directed against the plaintiff's first count, asserts comparative negligence based on the plaintiff's own negligent conduct. The second special defense to the first count asserts assumption of the risk as a basis of comparative negligence. The first and second special defenses to the second count assert comparative recklessness and assumption of the risk, respectively. The plaintiff moves to strike the second special defense to the first count and the first and second special defense to the second count. CT Page 11624
The motion to strike challenges the legal sufficiency of a pleading, including "any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book 152; Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The court must view the allegations of the complaint in the light most favorable to the nonmovant.Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v.Police Commissioners, 182 Conn. 138, 140, 438 A.2d 27 (1980).
A. Second Special Defense
The defendant's second special defense to the first count alleges assumption of the risk as a basis of comparative negligence. Although the common law doctrine of assumption of the risk, which operated as a complete bar to a plaintiff's negligence action, was abolished by General Statutes § 52-572h(l), factors relevant to the assumption of risk doctrine may be considered as a basis of comparative negligence. Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791, 797-98,462 A.2d 1043 (1983); Kraus v. Newton, 14 Conn. App. 561, 569542 A.2d 1163, affirmed 211 Conn. 191, 558 A.2d 240 (1989). The plaintiff argues that the defendant's assertion of a separate special defense based on assumption of the risk indicates that the defendant is relying on the abolished common law doctrine. The plaintiff cannot prevail on this argument because the defendant only separated out the two bases of the original special defense, which asserted comparative negligence based on negligence and assumption of risk, in response to the plaintiff's request to revise. Accordingly, the plaintiff's motion to strike the second special defense is denied.
B. First Special Defense to the Second Count
The plaintiff moves to strike the defendant's first special defenses to the second count on the ground that the allegations CT Page 11625 of the first special defense to the second count merely reiterate the allegations of comparative negligence in the first special defense to the first count. Therefore, the plaintiff argues, the defendant has failed to allege a legally sufficient defense to a claim of recklessness.
To satisfy a claim of recklessness, the reckless party's acts must be alleged to have been done with a reckless indifference to the interests of others. Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 655, 514 A.2d 352, cert. denied,201 Conn. 809, 515 A.2d 378 (1986); see also Preferred Remodelers,Inc. v. General Motors Corp., 6 Conn. L. Rptr. 119, 120 (March 4, 1992, Rush, J.), citing Ganim v. Roberts, 204 Conn. 760, 763,529 A.2d 194 (1987).
 While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it. It is enough that he realizes, or from the facts which he knows, should realize that there is a strong probability that harm will result.
(Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 103,491 A.2d 368 (1985). "Recklessness is a state of consciousness with reference to one's acts. . . . The state of mind amounting to recklessness may be inferred from conduct." Begley v. Kohl Madden Printing Ink Co., 157 Conn. 445, 451, 254 A.2d 907
(1969).
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound innegligence." (Emphasis added.) Brown v. Branford,12 Conn. App. 106, 110, 529 A.2d 743 (1987).
 In order to maintain a cause of action sounding in recklessness, the claim of recklessness must be set out separately from any claim of negligence and must specifically identify the conduct which is alleged to have been reckless. See Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 124, 138 [, 479 A.2d 231] (1984). . . .
(Additional citations omitted.) Doyle v. Christensen,2 Conn. L. Rptr. 149, 150 (July 18, 1990, Walsh, J.). However, where the allegations of a count of a contested pleading support a CT Page 11626 cause of action for recklessness, the count sounding in recklessness is sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence. See Lukowsky v. Woodmere Health Care, Superior Court, judicial district of Waterbury, Docket No. 091141 (June 24, 1994, Sullivan, J.); O'Connor v. Jensen, Superior Court, judicial district of Hartford/New Britain, Docket No. 521192 (July 20, 1993, L.P. Sullivan, J.).
Construed most favorably for the nonmovant, the first special defense to the second count contains an allegation that the plaintiff proceeded into the intersection prior to the collision when he knew or should have known that his vehicle had a propensity for stalling, and that this conduct was a substantial factor in causing the accident. These allegations support a defense sounding in recklessness. Although these allegations are also contained in the defendant's first special defense to the first count, a pleading will survive a challenge to its legal sufficiency when it contains all the necessary elements of a cause of action or defense. D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206,218-19, 520 A.2d 217 (1987). Therefore, the plaintiff's motion to strike the first special defense to the second count is denied.
C. Second Special Defense to the Second Count
The plaintiff moves to strike as legally insufficient the second special defense to the second count, which asserts a defense of assumption of the risk against the second count, sounding in recklessness. The plaintiff cites to two Superior Court cases holding that the defense of assumption of the risk may not be asserted against a claim of recklessness. SeeCheneski v. Barber, Superior Court, judicial district of Danbury, Docket No. 307083 (February 7, 1993, Fuller, J.);Zawadski v. Robbins, Superior Court, judicial district of Hartford/New Britain, Docket No. 384518 (July 14, 1992, Wagner, J.).
However, in Weeman v. Church, 3 CSCR 1118, 119 (October 6, 1987, Schimelman, J.), the court held that assumption of the risk was a valid defense to a claim of recklessness. See alsoTarver v. Devito, 7 CSCR 843 (June 25, 1992, Rush, J.); Hoekmanv. Kukai Caliente, Inc., 4 CSCR 412 (April 28, 1989, Schaller, CT Page 11627 J.). The court in Weeman v. Church, supra, 3 CSCR 119, held that "[t]here is no sound policy reason for allowing an individual who has willing engaged in conduct potentially injurious to the public and himself, in disregard to the consequences of such conduct, to absolve himself of responsibility." The court adopts this reasoning and holds that assumption of the risk is a valid defense to a claim of recklessness. Accordingly, the court denies the motion to strike the defendant's second special defense to the second count.
SYLVESTER, J.