[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Rousseau, (Rousseau) has brought this action against the defendants, George Ricciardi (Ricciardi) and Amici's Inc., (Amici's) alleges that he suffered injuries while a passenger in a motor vehicle driven by Steven Sylvestro who was intoxicated after Riccardi and Amici's served Sylvestro alcoholic beverages while he was intoxicated. The plaintiff asserts that because the defendants served Sylvestro while he was intoxicated, they are liable pursuant to the Connecticut Dram Shop act, General Statutes § 30-102.
The defendants filed a special defense, claiming that if the plaintiff suffered any damages, they "were the result of his own willing participation in Mr. Sylvestro's intoxication and his willing assumption of the risk in riding Mr. Sylvestro's car as a passenger."
The plaintiff has now filed the motion to strike those defenses.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215, 618 A.2d 25
(1992). "Its function . . . is to test the legal sufficiency of a pleading." Id.
"In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 650 A.2d 153 (1994). A motion to strike is the correct method to challenge the legal sufficiency of a special defense. Krasnow v. Christensen, 40 Conn. Sup. 287, 288
(1985).
The plaintiff claims that participation and assumption of risk are not valid special defenses to the dram shop act. He argues that participation is not a proper special defense because the plain meaning of the statute does not distinguish CT Page 9467 between "innocent" third parties and participants, and a plain reading of General Statutes § 30-102 does not preclude this plaintiff from bringing this claim. The plaintiff also argues that the assumption of the risk doctrine does not apply because the purpose of the dram shop act is to protect the public at large and as such it does not distinguish between innocent and non-innocent parties.
The defendants assert that both the participation and assumption of the risk defenses apply to this action. They argue that a participant in the violation of a statute cannot benefit from the violation of it. The defendant also argues that the majority of superior court cases have found that assumption of risk is a valid defense to the dram shop act.
General Statutes § 30-102, Connecticut's dram shop act, provides that:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section.
The Connecticut Appellate and Supreme Court have yet to address the use of assumption of the risk and participation as special defenses to a dram shop action. Additionally, no clear pattern has been set by the superior courts.
There is a split of authority among the superior courts as to whether participation is a special defense to a dram shop claim. For cases holding that participation is not a defense, see Lepore v. Lavigne, 6 Conn. L. Rptr. 46 (February 6, 1992, Hennessey, J.); Benton v. Munn, 5 Conn. L. Rptr. 98, 99 (October 1, 1991, Dunn, J.); for cases holding that participation is a defense, see Archambault v. Pascual, 3 Conn. L. Rptr, 36 CT Page 9468 (December 19, 1990, McDonald, J.), citing DiGhello v. The Dean'sOffice Cafe, 4 CSCR 134 (December 21, 1988, Reynolds, J.);Chacho v. Darst, 1 CSCR 122 (January 31, 1986, Curran, J.).
This court has found that participation can be a valid defense when the allegation is that the driver himself provided the drunken driver with alcohol. See Johnpiere v. Bendler,9 CSCR 521 (April 19, 1994, McDonald, J.); Archambault v.Pascual, 3 Conn. L. Rptr. 36 (December 19, 1990, McDonald, J.) The plaintiff in this case has alleged in its special defense that the injuries suffered by the plaintiff were as the "result of his own willing participation in Mr. Sylvestro's intoxication . . . ." Accordingly, the court denies the motion to strike as to the participation defense.
There is also a split of authority as to whether assumption of the risk is a valid defense to a dram shop claim. For cases finding that assumption of the risk is a valid defense to a dram shop action, see Sego v. Debco, Inc., Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 03 96 50 (Sep. 8, 1994, Skolnick, J.); Gelosa v. Sagan,1 Conn. L. Rptr. 141, 143 (January 3, 1990, Mulcahy, J.); Tarver v. DeVito,7 CSCR 843 (June 25, 1992, Rush, J.). For cases holding that assumption of the risk is not a valid defense to a dram shop action, see Lepore v. Lavigne, 6 Conn. L. Rptr. 46 (February 6, 1992, Hennessey, J.); Passini v. Decker, 39 Conn. Sup. 20
(Super.Ct. 1983, Pickett, J.); Archambault v. Pascual, 3 CTLR 47 (January 7, 1991, McDonald, J.).
This court has found that assumption of the risk is not a defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large. See Johnpiere v. Bendler, 9 CSCR 521 (April 19, 1994, McDonald, J.); Archambault v. Pascual, 3 Conn. L. Rptr, 36 (December 19, 1990, McDonald, J.). Accordingly, the motion to strike is granted as to the assumption of risk defense.
McDONALD, J.